CHIEF JUSTICE LINDSAY
delivered the opinion oe the court.
Ben. C. Grider, wbo died in 1872, devised all his estate, real and personal, to his wife, Fanny W. Grider. A few days after his death his will was regularly probated, and his widow and sole devisee, was appointed the administratrix of his estate. More than three years after she had undertaken the execution of the will, she instituted this action in the Warren Circuit Court against divers persons, the vendees direct or remote of her late husband. She claimed that she was entitled to dower in the lands held by them, and asked that it should be allotted her.
Among other defenses relied on by the appellees, they insist *513 that by accepting the provisions of her husband’s will Mrs. Grider barred her right to assert this claim to dower, even though it should turn out that her supposed relinquishments (she having joined her husband in his various conveyances) are invalid, because not made in accordance with the statute.
She attempts to meet this defense by averring and proving that the estate of her late husband is utterly insolvent, and that she will receive nothing whatever as devisee.
The rights of the parties litigant are to be tested by the provisions of the Revised Statutes which were in force when the transactions mentioned took place. It does not necessarily follow, from the fact that a widow accepts a devise or bequest made to her by her deceased husband, she shall be deprived of her right to dower. Generally speaking she may, by accounting for the value of the devise or bequest, maintain her right to be endowed. (Sec. 13, chap. 30, Revised Statutes.)
But by section 7, article 4, chapter 47, Revised Statutes, it was provided that “ a conveyance or devise of real or personal estate by way of jointure may bar the wife’s dowerand if made by last will and testament it did bar it, unless within twelve months after her husband’s death she should waive the jointure by a written relinquishment acknowledged or proved before the clerk of the county court and left in his custody. And in case of such relinquishment, then the estate devised in lieu of dower at once reverted to the heirs or representatives of the devisor.
Jointure is thus defined: “A competent livelihood of freehold for the wife, of lands and tenements, to take effect, in profit or possession, presently after the death of the husband, for the life of the wife at least.” (Bouvier’s Law Dictionary, vol. 1, page 758.)
It is evident the testator intended by his will to secure to his wife a competent livelihood, to take effect presently after his death, and her estate was to be absolute. The voluntary *514 acceptance of the provision thus made was an election by the wife to surrender her claim to dower. She had twelve months within which to make the election; and if the estate of her husband was so involved that she could not elect intelligently, she might have applied to the chancellor for the ascertainment of the respective values and amounts of her alternative interests, and that officer could and would have postponed the time at which she was required to elect until the investigation could reasonably have been completed. (Smither v. Smither’s ex’rs, 9 Bush, 230.)
She did not choose to avail herself of this right, but proceeded at once to the execution of her husband’s will, and deliberately elected to hold and claim under it; and she can not now claim as widow the estate which the law would have devolved upon her in case her husband had died intestate, or in event she had in proper time renounced the jirovisions of his will.
But counsel insists her right was saved by the 8th section of the same article and chapter. It provides that “where the wife is lawfully deprived of her jointure, or any part thereof, and not by any act of her own, she shall have indemnity therefor by way of dower or damages out of her husband’s estate.”
There is no question that Mrs. Grider has been deprived by operation of law, and not in consequence of any unconstrained act of her own, of the provision her husband intended to make for her. But she is not in this action seeking to be indemnified out of his estate. She here seeks to be indemnified out of the estates of these appellees in direct contravention of her husband’s covenants of title. The statute upon which she relies plainly excludes the idea that she can, after the loss of her jointure, revive her right to be endowed out of all the real estate to which her husband held title ■during the coverture, regardless of whether or not he owned *515 it at the time of his death. That right she lost by her election, and it can not be revived for the purposes of the indemnity contemplated by the statute last quoted.
The judgment of the court below is affirmed.