CHAS. B. PORTER'S ADMR. ET AL. *v.* C. W. PORTER ET AL.

[Abstract Kentucky Law Reporter, Vol. 3—244.]

**Dower.**

> Where a testator devised all of his land, except ten acres, to his widow for life, and all his personal estate to his widow and children, and the widow does not renounce the provisions of the will, whether her husband's estate is solvent or insolvent the property devised to her must be held to have been accepted in lieu of dower, and she is not entitled to have dower set off to her.

APPEAL FROM DAVIESS CIRCUIT COURT.

September 24, 1881.

OPINION BY JUDGE PRYOR:

No objecton has been made to the improper joinder of actions. This is a suit by the administratrix on a note, and also an action by the widow for allotment of dower. It appears that long after the land was sold by the husband, the latter conveyed to his wife, in consideration of love and affection, 100 acres of land, and by his will devises all of his land to his widow, except ten acres, for life, and all of his personal estate to the widow and children.

The widow is the administratrix with the will annexed, and sues as such. She has never renounced the provisions of the will, and, whether her husband's estate is solvent or insolvent, the property devised must be held to have been accepted in lieu of dower. *Grider v Eubanks,* 12 Bush (Ky.) 510.

The whole estate has been conveyed and devised to the widow, and she claims in her petition to be the owner and holder of the note for that reason. Whether the note has been paid or not, the land for which it was executed was conveyed by the husband of the widow with a clause of general warranty, and when that

warranty is broken the estate in the hands of the widow conveyed and devised to her would be held liable. The proof also conduces to show that this land was sold and the purchaser placed in possession before the marriage of this appellant. The conveyance itself recites that the land had been formerly sold and is now conveyed.

It is not necessary to decide whether the answer and petition was or not filed. It was nothing more than a repetition of the original pleadings and presented no new issue.

Judgment *affirmed.*

*Riley, Jolly & Walker, for appellants.*

*W. N. Sweeney, for appellees.*