Huhlein v. Huhlein.

CASE 44—PETITION EQUITY—MAY 3.

# Huhlein v. Huhlein.

APPEAL FROM LOUISVILLE LAW AND EQUITY COURT.

1. DEVISE IN LIEU OF DOWER.—While by the common law a devise to the testator's wife is not construed as in lieu of dower, unless such an intention is expressed or plainly inferable from the will; under our statute the widow is not entitled to dower in addition to the devise, unless it *affirmatively* appears, from the will, that the testator so intended.

In this case, such a purpose is not plainly expressed, nor does the will contain any expression from which it is necessarily inferable, and, therefore, the widow is not entitled to dower in addition to the devise.

2. To ENTITLE THE WIDOW OF A TESTATOR TO DOWER, she must relinquish the provisions of the will within twelve months after probate, unless, under the provisions of the will, she is entitled to dower in addition to the devise.

3. WHERE THE WIDOW ELECTS TO TAKE UNDER THE WILL, by failing to relinquish its provisions within the time required, she must comply with the requests or directions attached to the devise. The burden accompanies the benefit.

In this case the testator provided that his wife should furnish his imbecile daughter a home with her, care for her, and take charge of her estate. *Held*—That these conditions were an executory charge upon the devise to the wife, and that she is not entitled to compensation for the support of her imbecile step-daughter.

4. WILLS—ESTOPPEL.—If a testator leaves a portion of his estate to A, and at the same time disposes of property belonging to A, and A accepts the bounty under the will, he must abide by the disposition of his own property made by the testator.

In this case the testator devised land to his wife, and at the same time devised to his daughter a part of the proceeds of an insurance policy payable to his wife. *Held*—That the widow, having accepted the devise of the land, is estopped from claiming the insurance money devised to another.

5. IT WAS THE DUTY OF THE CHANCELLOR TO GUARD THE INTEREST OF THE IMBECILE daughter of the testator, and see that her estate was protected. It was, therefore, not error to grant her, upon a cross-petition filed by her guardian *ad litem*, relief not asked in express terms.

6. It was not equitable to charge the widow with interest upon the sums allowed the testator's imbecile daughter as her portion of the insurance money, and of the personal estate of the testator. The spirit of the will does not authorize it.

7. Allowance to Guardian ad litem.—Affirmative relief having been granted upon a cross-petition filed by the guardian *ad litem*, it was error to require the plaintiff to pay the allowance to the guardian *ad litem* without providing that she should have credit therefor upon the amount adjudged against her in favor of the ward. While it was proper to require the plaintiff to pay the allowance, she should have credit therefor.

DODD & GRUBBS for appellant.

CHARLES A. WILSON & W. A. WATTS for appellee.

Briefs not in record.

JUDGE HOLT delivered the opinion of the court.

Ehrhard Huhlein died testate in 1876, the owner of three pieces of real estate in the city of Louisville. He had been twice married. He left surviving him his last wife as his widow, and eight children, an equal number of them being by each wife. His will, which is in the form of a letter, provides:

"My wife, Katharine, remains in possession and enjoyment of all my immovable property until my youngest child, Benjamin, shall have attained his twenty-first year. My unmarried children will, of course, have, until that time, their home with their mother in their mother's house. She will educate my minor children; will take care of them, and also undertakes the especial care of my invalid daughter, Henrietta; she will, in the same time, be her guardian and administrator her share of the property, because she, my daughter, is unable to do so herself. My wife will have to pay the taxes and

have the necessary repairs made, so as to keep the property in good condition. Should my wife, however, marry again, she shall, from that day, lose possession and enjoyment of the property, except of that part to which, by right of law, she is entitled.

"2. When the time for the division of my immovable property as above shall come, my wife shall keep in possession and use, as long as she shall live and remain unmarried, the house and lot on Twelfth street, between Main and Market, with every thing therein contained in the shape of furniture, excepting the piano. She shall never be charged any thing for the wear and tear of the furniture. At her death, the said house will go back to my children. * * * * *

"3. I am in possession of a life insurance policy for three thousand dollars, of which my wife is to get, when the policy is paid, one thousand dollars, and my daughter, Henrietta, four hundred dollars, and the remaining one thousand dollars are to be divided equally, share and share, amongst my eight children; the balance of my cash property is also to be equally divided, according to law, amongst my wife and children, deducting first the expenses for doctor, undertaker, etc. It is necessary to have an administrator and guardian appointed for my minor children. I herewith appoint my wife administrator and guardian without requiring her to give security. * * * * * Should my wife die, I beg that one of my children will take care of my daughter Henrietta, and treat her christian-like and lovingly. The said child shall have the right to draw the income of Henrietta's share of the property, but only so long as Henrietta

shall remain with him or her, and is treated well. It is my wish that all you children will live in peace with your mother, who has raised you."    *    *    *    *

The son, Benjamin, became of age in May, 1886; and on October 14, 1886, Ehrhard Huhlein, another son, brought this action against the widow and the other seven children for a sale of the real estate of the testator, save the Twelfth street property, specifically divised to the widow for life. She claims dower in the other two pieces of property. The lower court correctly refused it.

By the common law a devise to the wife is not construed as in lieu of dower, unless such an intention is expressed or plainly inferable from the will. She is entitled to it also, unless the will requires a different interpretation. (Timberlake, etc., v. Parish's Ex'r, 5 Dana, 345.)

Our statute has, however, changed this rule; it provides: "Nothing herein shall preclude the widow from receiving her dowable and distributable share in addition to any devise or bequest made to her by the will, if such is the intention of the testator, *plainly expressed in the will, or necessarily inferable therefrom.*" · (General Statutes, ch. 31, sec. 12.) It is yet a question of intention upon the part of the testator; but she is not entitled to dower in addition to the devise, unless it affirmatively appears from the will that he so intended.

In this instance such a purpose is not "*plainly* expressed," nor does the will contain any expression from which it is "*necessarily* inferable." The testator gave to the widow, provided she remained such,

the use of all his real estate for a term of years, and then of a portion of it for life. She enjoyed it all for a period of ten years, and yet retains the portion devised to her for life.

Our statute provides that the widow may relinquish what is given to her by the husband's will, and take her dower, but "such relinquishment must be made within twelve months after the probate." Here she failed to exercise this privilege. True she was not required to do so to entitle her to dower, if the will, either by positive expression or plain inference, gave it to her in addition to the devise; but it not only does not do so, but, upon the other hand, plainly shows that the testator did not so intend. The acceptance by her under the will operated by way of jointure as to any claim for dower.

She has had the care of the imbecile step-daughter, Henrietta, since the death of her father. She asks that she be allowed for her support at the rate of one hundred dollars a year, out of her portion of the proceeds of any sale of the real estate. This claim she has asserted by cross-petition against the daughter, and admits the receipt of about three hundred dollars from the personal estate of the father belonging to Henrietta. Upon the widow's motion, a guardian *ad litem* was appointed to defend for the daughter. He not only resisted the mother's claim for pay for support, which is admitted in argument to be reasonable as to amount, but the answer asserts a claim against her for the four hundred dollars insurance money named in the will, and asks, in substance, for all other proper relief.

By the terms of the will, Henrietta was to have a *home* with the mother until the youngest child became of age; she was to have the especial care of her, and the charge of her portion of the property. When the widow accepted the devise to herself, she did so subject to the conditions connected with it. Among them were the care of Henrietta, the charge of her estate, and the furnishing of a home to her. These conditions were an executory charge upon the devise to the wife. It was, at least, a precatory one; and choosing, as she did, to take under it, she must comply with the requests or directions attached to it. The burden accompanied the benefit.

It is urged, however, that, in any event, she is entitled to compensation from the time the youngest child became of age in May, 1886, until her cross-petition was dismissed in June, 1887. It is fair to presume, however, that during this period she continued in the use of all the real estate. Nothing appears in the record to the contrary. It was improved property, and an income, doubtless, was being derived from it. Moreover, she was not under the will bound to care for Henrietta after the youngest child became of age. In our opinion, the claim for support was properly rejected.

We have now reached the consideration of Henrietta's claims.

The policy of insurance named in the will was payable to the widow and *her* children, and not to her and all of the testator's children. She collected it, and denies Henrietta's right to any portion of the two thousand eight hundred and twenty-one dollars

and fifty-four cents received upon it. She alone appeals. Is the bequest of it by the will valid? The children are all of age, and none of them, save Henrietta, ask any relief as to it.

The testator devised land to the widow, and the same will bequeathed insurance money belonging to her. A devisee can not take both under and against a will. Her own children were also devisees under the will. They have taken under it; but, in any event, they are not now complaining. The will does not show that the testator believed that the policy was a part of his estate. The language employed is: "I am in possession of a life insurance policy." He had taken it out, and presumably knew to whom it was payable, and yet he unquestionably disposes of it. One taking under a will must abide by all of its provisions. If a testator leaves a portion of his estate to A, and at the same time disposes of property belonging to A, and the latter accepts the bounty under the will, he must abide by the disposition of his own property made by the testator. He has his election; but if he chooses to take under the will he is thereby estopped from claiming against it. Citation of authority is needless upon a point so well-settled.

Here the testator bequeathed to Henrietta a part of the property of his wife and her children, but at the same time devised other property of his own to them.

An acceptance of the bounty requires an assent to the entire devise. As the widow converted Henrietta's portion of the insurance money, she must account for it.

It is said, however, that relief not asked by the guardian *ad litem* was afforded. It is true that the lower court, after deducting the one thousand dollars and the four hundred dollars of the insurance money, specifically devised to the widow and Henrietta respectively, allowed the latter one-eighth of the balance that had been received upon the policy. It also allowed her what had been collected by the widow from the personal estate of the testator as Henrietta's portion. Judgment was not specifically asked for these sums.

So far as the insurance money is concerned, however, the reply of Katharine Huhlein to Henrietta's claim denies that she is entitled to the four hundred dollars, or "any other amount whatever." The pleading of the widow also avers that Henrietta's portion of the personal estate had been exhausted; and this is denied. The answer of Henrietta asks for all proper relief.

Aside, however, from all this, she is an imbecile. As such, she is the ward of the court. It was especially the duty of the chancellor to guard her interest, and see that her estate was protected. Humanity so dictates, and public policy so requires in order to prevent such persons from becoming a public charge. It was not error, therefore, to afford her this additional relief, although the guardian *ad litem* had not asked it in express terms.

We do not think it was equitable, however, to charge the appellant interest upon the sums allowed Henrietta as her portion of the insurance money, and of the personal estate of the testator. It amounts to sev-

eral hundred dollars. This was not, in our opinion, intended by the testator. The daughter was an imbecile. It is true she was to live with her mother and she was to care for her, and have charge of her estate; but medical services or other extra expenses might, and probably would, be needful, and it is unreasonable to suppose that the testator expected or intended the wife should account for interest upon the small amount of personal estate that would belong to the daughter. The spirit of the will does not authorize it.

The judgment allows the guardian *ad litem* "two hundred dollars for services rendered in this cause, to be taxed as costs on the cross-petition of Katharine Huhlein, the defendant." If, as is probable, and as counsel appear to concede, the court intended by this that the appellant, Katharine Huhlein, should pay this, and get no credit therefor upon the amount adjudged against her in favor of Henrietta, it is error.

The guardian *ad litem* must be a practicing attorney. The Code of Practice provides that he must attend properly to the preparation of ·the case. In an ordinary action he may cause as many witnesses to be summoned as he may consider proper, subject to the control of the court; and in an equitable one he may take depositions, not, however, exceeding three, without leave of the court. Section 38 further provides: "The court shall allow to the guardian *ad litem* a reasonable fee for his services, to be paid by the plaintiff, and taxed *in* the costs."

The statute evidently aims to secure the guardian in his compensation. The infant may have no estate.

It therefore provides that the plaintiff shall pay it, without regard to the result of the suit. This, however, surely does not mean, that in a case like this one, where the infant by a counter-claim or set-off becomes in fact a plaintiff, and recovers, while the nominal plaintiff is defeated, that as between them the latter shall pay the fee of the guardian *ad litem*. Suppose the action against the infant were defended by his *statutory* guardian; certainly no allowance could be made to him for his services. The language of the Code is, that it is "to be paid by the plaintiff and taxed *in* the costs." It is not to be taxed *as* costs.

Suppose A sues B, an infant. A heavy litigation ensues. A recovers nothing, but B, by his guardian *ad litem*, recovers upon a counter-claim fifty thousand dollars. The attorney who has acted as guardian *ad litem* is reasonably entitled to five thousand dollars for his services. Is A in such a case to pay it and not be credited by it as against B? It was not intended by this provision of the Code that the infant should not, in such a case, be liable for it. Such a construction would be unreasonable; and while in conformity to the statute it was proper to order its payment by the plaintiff in the cross-petition, Katharine Huhlein, yet the judgment, in this instance, should further have provided that, upon payment of it by her, she should be allowed or have credit therefor against Henrietta Huhlein.

For this error, and that as to interest, the judgment is reversed, but in no other respect; and cause remanded, with directions to render a judgment in conformity to this opinion.