CASE 61—ACTION BY HOWES, &C. AGAINST BAYES, &C. TO RECOVER REAL AND PERSONAL PROPERTY.—MAY 23.

## Bayes &c. v. Howes &c.

APPEAL FROM JOHNSON CIRCUIT COURT.

JUDGMENT FOR PLAINTIFFS AND DEFENDANTS APPEAL. REVERSED.

DOWER—FAILURE OF WIDOW TO RENOUNCE WILL.

Held: Under Kentucky Statutes, section 1404, providing that, "when a widow claims her dowable and distributable share of her husband's estate, she shall be charged with the value of any devise or bequest to her by his will; or she may, though under full age, relinquish what is given her by the will, and thereupon receive her dower and distributable share as if no will had been made; but such relinquishment must be made within twelve months after the probate;" and further providing that "nothing herein shall preclude the widow from receiving her dowable and distributable share, in addition to any devise or bequest made to her by the will, if such is the intention

of the testator, plainly expressed in the will, or necessarily in-
ferrable therefrom,"—a widow of a testator is not entitled to
her dower and distributable share of her husband's estate
where she has failed to renounce the provisions of his will,
though the amount given her by the will does not equal the value
of her dower and distributable share.

WARREN M. MEEK, L. D. KENNARD, and B. H. CONLEY, at-
TORNEYS FOR APPELLANTS.

S. T. Bayes died August 4, 1890, leaving a widow who has
since married one H. S. Howes, and who, with her said husband,
are the plaintiffs in this action. He also left a son, Dennis
B. Bayes, who has died since the death of his father, leaving
as his nearest of kin his two grandmothers, Jennie Bayes and
Phoebe Picklesimer.

The widow, now Mrs. Howes, was the second wife of S. T.
Bayes. About ten days before his death the said S. T. Bayes
made his will which was duly probated at the September
term, 1890, of the Johnson county court, and by which will
he devised to his son, Dennis B. Bayes, his homestead, con-
sisting of a house and lot in which he resided in the town of
Paintsville, and a beneficiary certificate for $2,000 in the An-
cient Order of the United Workmen, also all of his household
goods and furniture and watch.

In the sixth paragraph of the will he directs that the $2,000
beneficiary certificate when collected, be paid to the executor,
Fairchild, to be by him securely invested and that the *inter-
est*, if needed, be used for the benefit of his said son, Dennis,
until he reached his majority, at which time the principal
and interest, *if any interest remains*, was to be turned over to
his son, *together with all other moneys and effects*.

To his widow, now the wife of H. S. Howes, he bequeathed
fifty dollars.

This suit was filed December 9, 1899, more than nine years
after the will was probated. In the meantime the widow had
remarried as aforesaid, but had never renounced the will.

L. G. Fairchild was named in the will as executor, and qual-
ified as such and also qualified as guardian for Dennis B.
Bayes, and held said house and lot in that capacity until he
resigned, when John Bayes qualified as guardian and held
said house and lot until he died—J. M. Trimble was next
appointed as guardian and took charge of and held said house
and lot until the death of his said ward, Dennis B. Bayes, Oc-
tober 5, 1899.

The plaintiff, Mrs. Howes, now claims that at the death of

her former husband, S. T. Bayes, she, as his widow, was entitled to the personal property given her by law out of his personal estate, and also claims the value of the homestead, $800 with interest from August 4, 1890, and that she be restored to the possession of same.

1. Our contention is, that under the will of S. T. Bayes, all his estate was disposed of, real and personal.

2. That the widow having accepted the provisions of the will, and having failed to renounce it within twelve months after it was probated, is now estopped from claiming any portion of her husband's estate except what was devised to her by the will.

### AUTHORITIES CITED.

Kentucky Statutes, sec. 1403, 2136, 1707, 4832; Civil Code, secs. 90 and 127; Reed v. Reed, 91 Ky., 269; Yancy v. Smith, 2 Metc., 408; Huhlein v. Huhlein, 87 Ky., 248; Smithers v. Smithers, 9 Bush, 230; Hazelett v. Farthing, 94 Ky., 421; Chambers v. Davis, 15 B. M., 522; McCallister v. Brand's Heirs, 11 B. Mon., 381; Christian v. Watson, 12 Bush, 524; Elmore v. Elmore, 5 R., 580; Tiedeman on Real Property, 127; Guthrie v. Turner, 14 R., 336; Brown v. Brown, 22 R., 840; Vance and Wife v. Campbell's Heirs, 1 Dana, 229; Woods' Admr. v. Woods' Devisees, 1 Metc., 516; Hinson v. Ennis, 81 Ky., 363; Grider v. Eubanks, 12 Bush, 510.

JAMES GOBLE, ATTORNEY FOR APPELLEES.

The legal propositions involved:

1. Did the acceptance of the fifty dollars bequeathed to Mrs. Howes estop her from claiming her dowable interest in the house and lot, or her distributable interest in the personalty?

2. Does the dowable interest of the wife include the homestead right as well as dower, under the statute which will be hereafter quoted? In other words, can she elect to take either dower or homestead?

3. Can she claim in lieu of the house and lot, its value, and be compensated for it in money; and if she is compelled to take the house and lot, can she recover its rental value from the time she has been out of possession?

4. Can she claim her distributable share in the personalty, less the fifty dollars, or has the acceptance of it without renouncing the will estopped her from claiming anything more?

5. Does the will dispose of the whole estate to the son or is enough of it devised to the executor in trust to settle the estate and pay all demands against it; and is the wife's

distributable share one of the demands he was to pay in settling the estate?

The court below gave Mrs. Howes judgment for her distributable share in the personal estate outside of the $2,000 policy, which amounted to $606.90 and $189.52, the value of her life estate in the house and lot and interest on these sums from the time her suit was filed December 9, 1899.

From this judgment appellants have prosecuted an appeal, and Mrs. Howes believing it to be less than she is entitled to has prosecuted a cross appeal.

### AUTHORITIES CITED.

Kentucky Statutes, secs. 1404 and 2136; Gen. Stat. chap. 31, sec. 12; Revised Stat. chap. 30, sec. 13; Yancy v. Smith, 2 Metc., 408; Grider v. Eubanks, 12 Bush, 512; Kelly v. Ball, 14 R., 132; Prather v. McDowel, 8 Bush, 46; Pepper v. Thomas, 85 Ky., 539; Tevis v. McCreary, 3 Met., 151; Bennett v. Bennett, 23 R., 1281; Cummings v. McDaniel, 9 Dana, 361; Funk v. Walter (3d appeal) 87 Ky., 182; Brown v. Brown, 22 R., 840; McCalister v. Brand's Heirs, 11 B. Mon., 370.

OPINION OF THE COURT BY JUDGE PAYNTER—REVERSING.

S. T. Bayes died August 4, 1890, testate, leaving a widow and an infant son, Dennis B. Bayes, a child by a former marriage. The widow, Sip Bayes, has inter-married with appellee H. S. Howes. The son, while an infant, died, in October, 1899, leaving the appellants, two grandmothers, his only heirs at law. The testator's will was duly probated. The widow never renounced the provisions of the will. The testator, at the time of his death, owned a house and lot in Paintsville, which he occupied as a homestead. He had several hundred dollars in debts due him, which were subsequently collected. There was an insurance policy upon his life for $2,000, and his son Dennis B. was the beneficiary therein. Without going into details as to provisions of the will, it is sufficient to say that he devised to his widow $50, to be disposed of as she wished. The rest of his estate, after payment of debts, including the insurance policy, was devised to his son. Thus the matter stood for

about nine years, when this action was instituted by the
widow to recover the value of her dower interest in the
house and lot, and her distributable interest in the per-
sonalty, and the value of the property which would have
gone to her exempt from payment of debts.    The theory
upon which the action is prosecuted is that, though the
widow did not renounce the provisions of the will, she is en-
titled to dower, and a widow's share in the distribution in
the personal estate, less the $50 bequeathed to her.    The
court below decided that she was entitled to the relief
sought.

In reviewing the judgment, it is necessary to interpret
some sections of the Kentucky Statutes and some opinions
of this court.  Section 1403, Kentucky Statutes, relates to
the distribution of the personal estate of an intestate, and
the articles to be set apart to the widow or children, etc.;
particularly designating the property to which the widow
and children are entitled as exempt from sale to pay the
debts of the intestate.  The section concludes as follows:
"The appraisers shall state in their appraisement the arti-
cles and value of each, set apart by them to widows or in-
fants, separately from the articles appraised for sale.  The
provisions of this section shall apply to cases where the
husband dies testate, and the widow renounces the provi-
sions of the will in the time prescribed by law."  Section
1404, Id., reads as follows:  "When a widow claims her
dowable and distributable share of her husband's estate,
she shall be charged with the value of any devise or bequest
to her by his will; or she may, though under full age, re-
linquish what is given her by the will, and thereupon receive
her dower and distributable share as if no will had been
made, but such relinquishment must be made within twelve
months after the probate, and acknowledged before and left

for record with the clerk of the court where probate was made, or acknowledged before a subscribing witness, and proved before and left with the clerk; but if, within said twelve months, an appeal be taken from the judgment of the county court probating the will, the widow shall not be required to make such relinquishment until within the twelve months succeeding the time such appeal is disposed of. Nothing herein shall preclude the widow from receiving her dowable and distributable share, in addition to any devise or bequest made to her by the will, if such is the intention of the testator, plainly expressed in the will, or necessarily inferable therefrom." Section 2136, Id., reads as follows: "A conveyance or devise of real or personal estate, by way of jointure, may bar the wife's interest in the property and estate of the husband; but if made before marriage, without her consent, or during her infancy or after marriage, she may, within twelve months after her husband's death, waive the jointure by written relinquishment, acknowledged or proved before and left with the clerk of the county court, and have her dower or share of his estate as herein provided. When she so demands and receives her dower, or such share of his estate, the estate conveyed or devised in lieu thereof shall determine and revert to the heirs or representatives of the grantor or devisor." It is insisted on behalf of the appellees that the proper construction of section 1404 is that, although a widow does not renounce the provisions of her husband's will, she can take what is devised to her; and, if it does not exceed in value what would have been her dowable and distributable share of his estate, she is still entitled thereto, less the value of any devise or bequest to her by his will. If this be a proper interpretation of the section, then it would never operate on a devised estate, where it could all be claimed by the widow and children,

as against husband's creditors. To so interpret the section would be to ignore the latter part of it, where it is provided that the widow shall not be precluded from receiving her dowable and distributable share in addition to any devise or bequest made to her by the will, if such is the intention of the testator, plainly expressed in the will or necessarily inferable therefrom. This language shows that the Legislature did not intend that the widow should have her dowable and distributable share in addition to a devise or bequest to her unless the testator made it plain that such was his intention. The statute gave the widow time within which to determine whether or not she would take that which the law gives her or accept the provisions made for her in her husband's will. If she receives some part of the estate devised to her between the death of her husband and the expiration of the time for the renunciation of the will, then it is proper that she should be charged therewith in the assignment of dower and the distribution of the estate. To meet that contingency, the Legislature, in the first clause of the section, provided that she should be charged therewith. This clause of the section relates alone to the money or property received by the widow before she renounces the provision of the will. The conclusion which we have reached as to the meaning of section 1404 is supported by the concluding part of section 1403, as it is there provided that the section shall apply to cases "where the husband dies testate, and the widow renounces the provisions of the will in the time prescribed by the law." The converse is that she is not entitled to the distributable share in her husband's personal estate if she has not renounced the provisions of his will. The mere fact that the amount devised to the widow is less than her dowable and distributable share would have been in her husband's estate can not alter the

legal effect of her act in failing to renounce the provisions
of the will. This court in Smither v. Smither's Ex'r, 9 Bush,
233, in discussing the question as to the effect of the will
on the rights of the widow in her husband's estate, said:
"The statute recited is a mere enactment of that principle
of equity recognizing the common-law right of the wife to
dower, but requiring her, when the husband has made a dif-
ferent provision, to abide by it, or adhere to her common-
law right. She is not allowed to accept what is given her
by the will, and at the same time defeat the object and in-
tention of the devisor by asserting her right to dower, but
must make her election." In Chamber v. Davis, 15 B. Mon.,
527, it said: "But when she takes under the will she holds
the estate as devisee merely, and derives no right to it as
widow, although the devise may have the effect to bar her
claim to dower. The statute allows her the right to waive
the provisions made for her by the will, and demand her
dower (1 Morehead & B., Kentucky Statutes p. 575), but,
if she fail to do it, and claims under the will, she occupies
the same attitude of other devisees. The act is voluntary
on her part, and, if she accept the provision made for her
by the will, she must take the estate subject to all claims
against it. If she had the right to hold it exempt from the
payment of her husband's debts, it would follow that a tes-
tator, by devising his estate to his wife, could place it out
of the reach of his creditors. The estate in her hands as
devisee has no such exemption; nor has she the right, as
widow, to require that the testator's other estate shall be
applied to the exoneration of the estate devised to her.
In Brown's Ex'r v. Brown, 22 R., 840 (58 S. W., 993), the
court evidently had in mind the view of section 1404 which
we have expressed, for it is there said: "By this provision
of the statute the widow is given twelve months to familiar-

ize herself with the nature and extent of the estate left
by her deceased husband, and to determine whether she will
claim under the will, or renounce its provisions and claim
under the statute of descent and distribution. And the fact
that during this interval of time she may have received some
property from the estate of her deceased husband makes no
difference as to her rights under the statute. The fact is
undisputed that she properly renounced the provision made
for her by the will within sixteen days after its probation,
and there is no evidence that the executor or devisees were in
any manner prejudiced by her failure to make her election
on the day the will was probated. The property turned
over to her by the executor and appraisers was of less value
than the amount due her under the statute, and in the judg-
ment of the court she was properly charged with the
amount and value thereof." In Watson v. Christian, 12
Bush, 526, the court was discussing the character of in-
terest which the widow took in the husband's estate, and
the effect of her failure to renounce the provisions of her hus-
band's will, and said: "The widow of a deceased husband
holds the homestead interest in his estate, like she holds
the dower interest, by reason of having been his wife and
having survived him; in other words, the law vests in her
the right to a homestead and to dower in her late hus-
band's lands by reason of being his widow. But when she
elects to hold under the provisions of her late husband's
will she can not be entitled to any part of his estate by
operation of law, and contrary to the provisions of the will.
As, therefore, the appellant accepted the provisions of the
testator's will, and as by it his estate was charged with the
payment of his debts, she can not now defeat the claims of
his creditors by an effort to hold a homestead in the devised
premises by operation of law." Huhlein v. Huhlein, 87 Ky.,

250 (10 R., 107), (8 S. W., 260), following Timberlake v. Parish's Ex'r, 5 Dana, 345, recognized that at common law the devise to the wife is not construed as in lieu of dower, unless such an intention is expressed, or plainly inferable from the will; and that she is entitled to it also unless the will requires a different interpretation. But the court held that our statute has changed this rule by providing that the widow shall not be precluded from receiving her dowable and distributable share in addition to any devise or bequest made to her by the will, if such is the intention of the testator, plainly expressed in the will, or necessarily inferable therefrom. In that case the court said, "The acceptance by her under the will operated by way of jointure as to any claim for dower." It follows from this that under section 2136, Kentucky Statutes, the wife, by the will, is barred from receiving dower, because she did not relinquish her jointure as provided therein. We do not think there is any conflict in the case of Ballard v. Caperton, 2 Metc., 412, and the cases from which, we have quoted. Neither is Grider v. Eubanks, 12 Bush, 510, in conflict therewith, and neither is it authority for the position which counsel for the appellee takes. When the court said in that case, "It does not necessarily follow, from the fact that a widow accepts a devise or bequest made to her by her deceased husband, she shall be deprived of her right to dower," it did not mean she would be entitled to dower in addition to the devise or bequest, unless the testator plainly expressed in the will the intention that she should not have it in addition thereto. When the court said in that case, "Generally speaking, she may, by accounting for the value of the devise or bequest, maintain her right to be endowed," it is not meant that she can do so without renouncing the provisions of the will. Without giving an analysis of Kelley v. Ball, 14 R., 132,

(19 S. W., 581), we conclude it is not in conflict with the other opinions of this court. Although the husband did not give the wife the proper share of his estate by his will, she did not renounce its provisions, but accepted the bequest, and she can not now claim against the will.

The judgment is reversed, with directions to dismiss the petition.