## Smith v. Perkins.

(Decided May 16, 1912.)

### Appeal from Hancock Circuit Court.

1. Wills—Where Widow Elects to Take Under Will—After Acquired Property—Claim by Widow of Dower in After Acquired Property—When Barred from Asserting Dower.—A widow who receives part of her husband's estate under his will, cannot without renouncing the provisions made for her in the will, claim dower in lands as to which her husband died intestate.

2. Same.—Where a widow elected to take under the will the provision made for her therein by her husband, she is barred from asserting a dower interest in after acquired property, and it is immaterial whether the will disposes of the entire estate or not. Having made such provision for his widow as he desired her to have, if she is not satisfied with it, she must renounce the will and take under the law.

R. A. MILLER, E. E. KELLEY and C. S. WALKER for appellant.

HUMPHREY & HUMPHREY, JOHN D. KELLEY for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

W. L. Smith died a resident of Hancock County, Kentucky, in 1905. He left a will dated February 2, 1901, which was in due time admitted to probate. He was survived by his widow, Carrie M. Smith, and his father, Joseph G. Smith, as his only heir at law. By his will, the testator gave to his widow all of his personal property, a life interest in a tract of land described in the will as the "home place," and also a life interest jointly with his father in certain lands in Breckinridge County, Kentucky, and provided that if she survived his father, she should have the whole of this Breckinridge County land for life. The fee to all of said property was devised to his sister, Louisiana Perkins. Each of these tracts of land is described with particularity in the will. There was no attempt to dispose of the after-acquired property. It appears that in 1903 and 1904, the testator inherited and purchased certain other lands, and owned same at the time of his death. Following his death, his widow received the property which the will gave to her; and Joseph G. Smith, testator's father, claimed the lands that were acquired by testator after his will was made, of which he

made no disposition in his will, and shortly after the death of his son, conveyed the same to his daughter, Louisiana Perkins. Thus matters stood until in January, 1911, when the widow conceived that she was entitled to a dower interest in the lands, which were owned by her husband at the time of his death and which were not attempted to be disposed of by him in his will, and filed a suit in the Hancock Circuit Court against Mrs. Louisiana Perkins, in which she sought to recover her dower interest in said lands, together with its reasonable rental value, for the time that same had been held by the defendant.

A demurrer was filed to this petition, but not acted on. Thereafter, the defendant filed an answer in two paragraphs. In the first paragraph, the defendant denied that the plaintiff was entitled to a dower interest in the land in controversy; in the second, he pleaded affirmatively that under the will of her husband, the plaintiff received property of the value of at least $25,-000, and that she had held and possessed same since the date of the probate of the will in 1905; that the total value of the estate of her husband was less than $45,-000; and that by reason of plaintiff having received this property under the will of her husband, and having failed to relinquish her claim under the will, she was estopped from asserting a right to dower in the lands in controversy. A demurrer was filed to this answer. The demurrers to the petition and answer were considered together, and the court was of the opinion, and so indicated, that plaintiff was not entitled to the relief sought. Thereupon she tendered, and was permitted to file, an amended petition in which she reiterated all the facts set up in her original petition, and in addition thereto, alleged that it was not the intention of her husband, in making the provision which he did in his will for his wife, to deprive her of of her right to dower in the lands thereafter acquired by him, and which were undisposed of; that he frequently stated that he intended that his wife, the plaintiff, should have her dower interest in said lands, but that he was taken sick and died suddenly, without having had the opportunity to express in writing this intention. The court sustained a demurrer to this amended pleading, the plaintiff declined to plead further, the petition was dismissed and she appeals.

The record before us presents the single question,

whether or not a widow, who receives a part of her husband's estate under his will, can, without renouncing the provisions made for her in the will, claim dower in lands as to which her husband died intestate.

Section 2132, Kentucky Statutes, provides:

"After the death of either the husband or wife, the survivor shall have an estate for his or her life in one-third of all the real estate of which he or she, or any one for his or her use, was seized of an estate in fee simple during the coverture, unless the right to such dower or interest shall have been barred, forfeited or relinquished; and the survivor shall have an absolute estate in one-half of the surplus personalty left by such decedent."

Section 2136, Kentucky Statutes, provides:

"A conveyance or devise of real or personal estate, by way of jointure, may bar the wife's interest in the property and estate of the husband; but if made before marriage, without her consent, or during her infancy or after marriage, she may, within twelve months after her husband's death, waive the jointure by written relinquishment, acknowledge or proved before and left with the clerk of the county court, and have her dower or share of his estate as herein provided. When she so demands and receives her dower, or such share of his estate, the estate conveyed or devised in lieu thereof shall determine and revert to the heirs or representatives of the grantor or devisor."

Section 1404, Kentucky Statutes, provides:

"When a widow claims her dowable and distributable share of her husband's estate, she shall be charged with the value of any devise or bequest to her by his will; or she may, though under full age, relinquish what is given her by the will, and thereupon receive her dower and distributable share as if no will had been made; but such relinquishment must be made within twelve months after the probate, and acknowledgment before, and left for record with the clerk of the court where probate was made, or acknowledged before a subscribing witness, and proved before and left with the clerk; but if, within said twelve months, an appeal be taken from the judgment of the county court probating the will, the widow shall not be required to make such relinquishment until within the twelve months succeeding the time such appeal is disposed of. Nothing herein shall preclude the widow from receiving

her dowable and distributable share, in addition to any devise or bequest made to her by the will, if such is the intention of the testator, plainly expressed in the will, or necessarily inferable therefrom."

As stated, the testator died in 1905. Under his will, which was probated during the same year, his widow received all of his personal property and a life interest in certain real estate, and had been in the peaceable enjoyment and possession thereof for more than five years before the institution of this suit. Section 2132, Kentucky Statutes, provides that the widow shall have, as her dower, an estate for life in one-third of her husband's real estate, unless her right to dower shall have been barred, forfeited or relinquished. Section 2136 provides that a devise of real or personal estate, by way of jointure, may bar the wife's interest in the property or estate of her husband. If this devise is made after marriage, she may within twelve months after her husband's death, waive the jointure and have her dower. When she receives her dower, the estate devised in lieu thereof shall determine and revert to the heirs of devisor. Section 1404 provides, that when a widow claims her dowable and distributable share in her husband's estate, she shall be charged with any devise or bequest to her by his will; and she may relinquish what is given to her under the will and receive her dower, as if no will had been made, but such relinquishment must be made within a year after the probate of the will. If it is apparent from the language used in the will that the devisor intended that the widow should have the property devised to her, in addition to her dower interest in his estate, she may retain the property devised to her and have dower assigned, as though no provision had been made for her in the will; but, in order that this may be done, it must clearly appear from the language used in the will that her husband so intended.

These sections of the statutes have frequently been before this court for construction. In Bayes v. Howes, 113 Ky., 465, the decedent owned an estate worth about $2,000. He left his wife $50, and the remainder of his property to his son. The widow accepted the $50 devised to her, and after the lapse of about nine years instituted a suit, in which she sought to recover her dower interest in the real estate owned by her husband and her distributable share of his personalty. In denying her right to recover, the court considered the devise to the

widow to be a jointure, and as such, a bar to her right to dower, she having failed to relinquish her right under the will within one year after its probate. In applying the sections of the statutes applicable to this state of facts, this court said:

"This language shows that the Legislature did not intend the widow should have her dowable and distributable share in addition to a devise or bequest to her unless the testator made it plain that such was his intention. The statute gave the widow time within which to determine whether or not she would take that which the law gives her or accept the provisions made for her in her husband's will. If she receives some part of the estate devised to her between the death of her husband and the expiration of the time for the renunciation of the will, then it is proper that she should be charged therewith in the assignment of dower and the distribution of the estate. To meet that contingency, the Legislature, in the first clause of the section, provided that she should be charged therewith. This clause of the section relates alone to the money or property received by the widow before she renounces the provision of the will. The conclusion which we have reached as to the meaning of section 1404 is supported by the concluding part of section 1403, as it is there provided that the section shall apply to cases 'where the husband dies testate, and the widow renounces the provisions of the will in the time prescribed by the law.' The converse is that she is not entitled to the distributable share in her husband's personal estate if she has not renounced the provisions of his will. The mere fact that the amount devised to the widow is less than her dowable and distributable share would have been in her husband's estate can not alter the legal effect of her act in failing to renounced the provisions of the will."

In Grider v. Eubanks, 12 Bush, 510, the testator left all of his property to his wife. The will was admitted to probate. The wife accepted the provisions made for her, but after she had held same for more than one year, it was discovered that the estate was insolvent. After three years, she instituted a suit in which she sought to recover dower interest in certain lands which had been disposed of by her husband in his life time and in the conveyance of which she had not joined. Upon consideration, it was held that the acceptance by the wife of the provisions made for her under the will of her hus-

band, barred all her right to dower in any other property owned by her husband.

In Huhlein v. Huhlein, 87 Ky., 247, the widow claimed dower in two tracts of land, not specifically devised by her husband. Provision had been made for her under his will, she had accepted the property and held it for more than a year after the probate of the will, and her right to dower in this undevised property was denied upon the ground that the acceptance of the property devised to her by her husband, operated as a jointure under the statute, and a bar to her right of dower in any other property. This court in so holding, said:

"By the common law a devise to the wife is not construed as in lieu of dower, unless such an intention is expressed or plainly inferable from the will; and that she is entitled to it also unless the will requires a different interpretation." * * *

"Our statute has, however, changed this rule, it provides: 'Nothing herein shall preclude the widow from receiving her dowable and distributable share in addition to any devise or bequest made to her by the will, if such is the intention of the testator, plainly expressed in the will, or necessarily inferable therefrom. * * * It is yet a question of intention upon the part of the testator; but she is not entitled to dower in addition to the devise, unless it affirmatively appears from the will that he so intended."

In Vance v. Campbell's Heirs, 1 Dana, 229, this court held that where the widow, having taken under the will and held the property until after the time allowed for renunciation had expired, would not be permitted to assert a right against the will or independently of it.

In Chambers and Wife v. Davis, 15 B. Mon., 522, this court held; that where the widow takes under the will, she holds as devisee and derives no right to the property devised to her, as widow, although the devise may have the effect to bar her claim to dower, and that if she fails to exercise her statutory right to renounce the provision made for her in the will, she occupies no better attitude than other devisees. And in Mercer v. Smith, 107 S. W., 1196, it was expressly held that if the widow fails to avail herself of the statutory right to renounce the provision made for her in her husband's will, she loses all interest in his estate which the law gives her as his wife, and that after the lapse of one year from the date of the probate of the will, no renun-

ciation having been made, she must look to the will alone, and can not assert a claim adverse to it.

In Smith v. Boone, 7 Bush, 367, the testator left certain real estate to his wife, during her widowhood. She afterwards married, and thereupon sought to recover a dower interest in this property, which was devised to her for life, or during her widowhood. No disposition was made of it by her husband after her death, or indeed after she married again. In holding that she was not entitled to a dower interest in this property, the court, speaking through Chief Justice Robertson, said:

"The only election the widow could make was between her interest under the will and her dotal and distributive interest against the will. By holding and enjoying the estate under the will, she renounced all claim to dower and distribution to which she would have been entitled had there been no will, or had she renounced the will; and by electing to marry she elected to renounce, not the will, but the estate of her deceased husband. She could not hold as devisee until she chose to marry, and then claim as if she had not so held or married."

To the same effect is Chenault v. Scott, 66 S. W., 759.

From the foregoing authorities, in which the sections of the statutes, fixing the rights of a widow in the estate of her husband, have been construed, it is plain that where a husband makes provision, by will, for his wife, the widow has one year from the date of the probate of her husband's will, to determine whether she will take under the will, or renounce the provisions made therein for her, and take under the law. If she elects to take under the will, then she can have no interest in the estate of her husband, except that which the will makes for her, unless it is plain from the language of the will, or can be fairly inferred from such language, that her husband intended that she should have her dower interest in his estate, in addition to the provision made for her in his will. It is wholly immaterial whether the will disposes of the entire estate of the husband or not, for, having made such provision for her as he desired her to have, if she is not satisfied with it, she must renounce it and take under the law. Failing to do this, she loses her right.

In the case at bar, the widow having elected to take

under the will the provision therein made for her by her husband, is barred from asserting a dower interest in the property in question. The chancellor correctly so held.

The judgment is affirmed.