## Weddington v. Adkins et al.

(Decided Nov. 11, 1932.)

J. H. ADKINS for appellant.
F. W. STOWERS for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

John Adkins died February 20, 1927, the owner of a small amount of personal property and several pieces of real estate located in Pike county. He had been married twice, and left surviving his widow, Alice Adkins, and two infant children more than fourteen years of age by the second marriage, and three adult children, including appellant, by the first marriage. His real estate consisted of several lots in the city of Pikeville and a tract of 35 acres of land in Pike county.

On February 10, 1927, he and his wife executed a deed to his daughter, Ocie Adkins, to a certain lot in Pikeville. Ocie Adkins afterwards married Dave Weddington. On the same day that this deed was executed and delivered, John Adkins executed a will in which he devised to each of his other children certain parcels of real estate. To his wife he devised a life estate in the 35-acre tract of land and the remainder interest therein to her son by a former marriage, William Daniels. The only personal property disposed of by the will was some bank stock which was bequeathed to Mildred Adkins. As to the remainder of his personal property, John Adkins died intestate. Appellant was not mentioned in the will.

In the deed conveying the lot in Pikeville to her, it was stipulated that she accepted the conveyance in full of her share in her father's estate. The appellant took possession of the lot, and paid the taxes thereon for two years. It developed that there was a lien for street improvements on the lot amounting to approximately $220, and about two years after the lot was conveyed to appellant the holder of the lien filed an action in the Pike circuit court in which he asked that the lot be sold to satisfy the lien against it. Appellant was made a party defendant. She made no defense, and permitted a judgment by default to be taken and the property to be sold.

On May 26, 1931, she brought this action against the widow and other children of John Adkins to recover the sum of $450, the value of the lot conveyed to her by her father, and also to recover her part of her father's personal estate. Considerable proof was taken in the form of depositions, and on the submission of the case a judgment was entered dismissing plaintiff's petition.

It is argued on this appeal that the trial court erred

in adjudging that appellant was not entitled to recover from the other heirs of John Adkins the value of the lot that had been conveyed to her by her father, and in adjudging that she was not entitled to any part of her father's personal estate. The executor named in the will had made his final settlement in December, 1928. This settlement shows that the household goods were appraised at $214, and that there came into the hands of the executor cash to the amount of $739.15, and that the debts and costs of administration paid by him amounted to $609.65. He reported that he had delivered to Alice Adkins the household goods at their appraised value and had paid to her the balance of the cash in his hands to be applied on the statutory exemption of $750 to which she was entitled as the widow of John Adkins.

The rule in this state, which is contrary to the rule in the majority of jurisdictions, where a child by contract releases his expectancy in his parent's estate, is that such contract is invalid and the property received by the child from the parent is treated as an advancement. Pendley v. Lee, 233 Ky. 372, 25 S. W. (2d) 1030; Elliott v. Leslie, 124 Ky. 553, 99 S. W. 619, 30 Ky. Law Rep. 743, 124 Am. St. Rep. 418. That rule disposes of appellant's claim against the heirs of John Adkins for the value of the lot conveyed to her by her father in consideration of her release of her expectancy in his estate and which she claims she lost by reason of the lien thereon. The lot was concededly worth at least $450 when it was conveyed to her, or more than $200 in excess of the lien against it. She accepted it as a gift in its then existing condition, and, if her father had died intestate, she would have been chargeable with its value when conveyed, less the amount of the lien, as an advancement.

John Adkins disposed of his real estate by will, and the only property in which she may claim an interest as an heir at law is the personal property undisposed of. It is asserted in appellant's brief that Alice Adkins, the widow, received $2,278 from the personal estate of John Adkins, and it is argued that appellant is entitled to her proportionate part of this sum as an heir at law of her father. $1,000 of this amount represented the proceeds of an insurance policy in which Alice Adkins was named the beneficiary, and was never a part of John Adkins' estate. The debts of the decedent and

the cost of administration amounted to $609.65. The balance was paid to Alice Adkins, but the amount received by her was less than the $750 statutory exemption allowed to a widow. It is argued that she elected to take under the will, and therefore is not entitled to this exemption, but the fact that she was one of the devisees in the will does not preclude her from taking the real estate devised to her and also asserting her right as widow in the personal property, as to which her husband died intestate.

Section 1403, Kentucky Statutes, provides that, where any person shall die intestate as to his personal estate or any part thereof, "personal property or money on hand or in bank to the amount of seven hundred and fifty dollars ($750.00) shall be exempt from distribution and sale, and shall be set apart by the appraisers of the estate of an intestate to his widow and infant children, or, if no widow, to his infant children or child surviving him." There was no personal property left for distribution among the children of the decedent, and the trial court properly dismissed the petition.

Judgment is affirmed.