### Ray v. Ray et al.

September 26, 1944.

Holland G. Bryan for appellant.

L. B. Alexander for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Lee Ray, a resident of McCracken county, died testate February 2, 1937. His will was probated February 24, 1937, and his widow, Anetitia Ray, qualified. as administratrix with the will annexed. On February 21, 1938, the testator's four children by his first marriage brought an action in the McCracken circuit court against Anetitia Ray, administratrix of the estate of Lee Ray, deceased, and Anetitia Ray, individually, in which they sought a construction of the will of Lee Ray, deceased. They also asked for a settlement of the estate. The will reads:

"April 26-28

"My will—Lee Ray

"I want Jim Ray to have 12½ acres of land on North side of my farm. Divide balance of land equal

164

with Kathleen, Dock, Orie, and Johnnie. My wife, Anetia to have 1½ acres where we are living, including the storehouse, contents of store. My wife to pay funeral expenses.

"I am owing some on land. My wife, Anetia Ray, Kathleen, Jim, Orie, Dock, Johnnie to pay this debt. H. L. McNeil will attend to your business about the land debt. Get Mr. McNeil and Holland Bryan to divide land.

"(Signed) Lee Ray."

Jim Ray died without issue prior to the death of his father.

The personal property was appraised at $2,123.82. The administratrix reported additional collections of $12.52, making the total personal estate $2,136.34. She claimed that $1,982.57 of this was in the store at the time of her husband's death and passed to her under the will, leaving $153.77 chargeable to her as administratrix. She reported that she had paid out of her own funds administration expenses amounting to $81.65 in excess of the amount which came into her hands as administratrix. In her final settlement as administratrix, the McCracken county court approved her report and allowed her the sum of $81.65 against the estate. The four children of Lee Ray, deceased, filed exceptions to the settlement, which were overruled. They appealed to the McCracken circuit court from the order entered in the McCracken county court on October 30, 1939, confirming the settlement. No order appears in the record consolidating this appeal and the equitable action for construction of the will, but it is obvious that the parties treated the two proceedings as consolidated. On November 13, 1942, a judgment was entered construing the will of Lee Ray, deceased, and adjudging that Anetitia Ray was indebted to the estate in the sum of $712.29. From that judgment she as appealed.

The pertinent part of the judgment reads:

"Under the will of Lee Ray, deceased, Anita Ray took only the estate devised to her under said will, to-wit:—One and one-half (1½) acres, including the storehouse, contents of store.

"It is further adjudged that by said devise the testator intended to and did devise to Anita Ray the storehouse, together with all fixtures, furniture and

stock of goods therein, including the accounts payable to the store, and subject to the payment of all accounts due from the store. It further appearing to the Court that Anita Ray, wife of the testator, Lee Ray, failed to renounce the provisions of the will of said Lee Ray within one year from the time said will was probated, it is, therefore, adjudged that the said Anita Ray takes no part of the said estate, save and except that devised to her under said will, and is not entitled to have set aside to her any part of the undevised residue of the personal property of said estate as exempt, and is not entitled to participate in the undevised residue of said estate. The Court further finds that under the will of said decedent, the said Anita Ray is chargeable with all funeral expenses.''

The judgment referred to appellant as Anita Ray, but the record discloses that her name is Anetitia Ray.

The court found that appellant was chargeable with $784.35 which did not pass to her under the will as contents of the store. The principal items were $400, cash on hand; $70, cash in bank; and 200 bushels of corn sold for $155.07. Other items were an automobile, a mowing machine and 5 bales of hay. Administration expenses amounting to $72.06 were allowed, leaving a balance of $712.29 owing to the estate.

Much of appellant's brief is devoted to an argument in support of her contention that the demurrers, general and special, to the petition should have been sustained. This is upon the theory that the allegations of the petition as amended are insufficient to constitute an action to settle the estate and to bring the estate within the control of the court, since the petition failed to state the amount of the debts and the nature and value of the property, real and personal, of the decedent, as required by section 429 of the Civil Code of Practice. It must be conceded that the allegations of the petition as amended are quite general in their terms and probably insufficient if the action had been brought solely to settle the estate, but the principal object of the suit was to obtain a construction of the will and in this respect the allegations are full and complete. The request for a settlement of the estate was merely incidental to the main purpose of the suit. The action was one to have the will construed and to require the appellant to account to the estate for any amount due under the

construction. By agreement of the parties the proof heard in the county court as to the nature and value of the property and the amount of the debts was considered by the court. Thus it had before it all the necessary facts for a full determination of the controversy between the parties. The court properly overruled the demurrers and entered a final judgment.

It seems to be appellant's view that she is entitled to her distributable share of her husband's undevised property in addition to the property she took under his will. Lee Ray died intestate as to $784.35 of personal property and 12½ acres of land. KRS 392.020 fixes the surviving wife's interest in her husband's estate. KRS 392.080, subsection (1), provides that a widow may relinquish what is given her by her husband's will and receive her dower and distributable share as if no will had been made, provided such relinquishment is made within twelve months after probate of the will. KRS 392.080, subsection (2), reads:

"Subsection (1) does not preclude the widow from receiving her dowable and distributable share, in addition to any devise or bequest made to her by the will, if such is the intention of the testator, plainly expressed in the will or necessarily inferable from the will."

These two sections of the statutes, formerly sections of 2132 and 1404, respectively, of Carroll's Kentucky Statutes, have been construed in a number of cases by this court. It has been held that they must be read and construed together. This court has consistently held that where a husband makes a provision for his wife in his will, it will be presumed that the devise or bequest was in lieu of the interest given to her by KRS 392.020 unless a contrary intention appears from the will or is necessarily inferable from it. Maynard's Adm'r v. Maynard, 285 Ky. 75, 146 S.W. 2d 343; Perry v. Wilson, 183 Ky. 155, 208 S.W. 776; Smith v. Perkins, 148 Ky. 387, 146 S.W. 758, 760. As was said in Smith v. Perkins:

"It is wholly immaterial whether the will disposes of the entire estate of the husband or not, for, having made such provision for her as he desired her to have, if she is not satisfied with it, she must renounce it and take under the law. Failing to do this, she loses her right."

In Weddington v. Adkins, 245 Ky. 747, 54 S.W. 2d 331, the testator devised to his wife a life estate in 35 acres of land and died intestate as to practically all of his personal property. The widow was given the small balance of personal property which amounted to less than the $750 exemption allowed by KRS 391.030, Carroll's Kentucky Statutes, section 1403, although she had not renounced the will. In that case, however, the testator executed the will and several deeds to his children contemporaneously, and it was clear that his purpose was to make a division of his real estate and that the provision for his wife in his will was not in lieu of her dowable and distributable share.

It is argued that by the use of the words "contents of store" it was the intention of the testator to give all of his personal property to appellant. The circuit court construed these words to mean "all fixtures, furniture and stock of goods therein, including the accounts payable to the store." We think this construction is correct and as favorable to appellant as the language of the will allowed. It would be a strained construction to say that the words "contents of store" included money in bank, money on or about the testator's person at the time of his death, an automobile, farm machinery, and crops severed from the ground. The testator owned 105 acres of land, and the highest estimate placed on its value was $20 an acre. Some of the witnesses fixed the value at $15 an acre. The proof shows that the 1½ acres devised to appellant is worth $500. The evidence as to the value of the testator's estate is not entirely satisfactory, but it is clear that appellant received more under the will than her dowable and distributable share would amount to, which probably explains her failure to renounce the will. The appellant is entitled, of course, to the usual commission on $784.35, which came into her hands as administratrix.

The judgment is affirmed.