**Lelia HAMMOND, Appellant,**

**v.**

**Dolly Wade McREADY et al., Appellees.**

Court of Appeals of Kentucky.

March 23, 1962.

L. M. Ackman, Williamstown, for appellant.

R. C. Ford, Jr., James R. Ford, T. A. Perry, Owenton, for appellees.

CULLEN, Commissioner.

Mrs. Lelia Hammond, widow of Owen Hammond, brought an action to contest the will of her husband's mother, Katie B. Hammond, on the ground of lack of mental capacity. Judgment was entered dismissing the complaint for failure to state a claim upon which relief could be granted. Lelia has appealed from the judgment.

Katie Hammond died in 1952, leaving a will in which she devised to her son Owen a life estate in certain lands, with remainder to others. Her will was filed with the county court clerk but was not offered for probate. In 1958 Owen died, leaving a will in which he gave all of his estate to his widow, "excepting such real estate as I

have acquired by will or inheritance from my mother." After Owen's death the remaindermen under his mother's will caused her will to be probated, and Lelia then brought the contest action.

 Lelia maintains that she succeeded to Owen's unexercised right to contest his mother's will, on the theory that the right constituted intestate property of which his will did not deprive her, and in which she took an interest under the statutes of dower and descent. The conclusive answer to this contention is found in the established rule of law that, in the absence of a contrary intent affirmatively appearing in the will, a widow who accepts a devise or bequest under her husband's will cannot claim the rights of a surviving spouse in any undevised property of the husband. See KRS 392.080; Huhlein v. Huhlein, 87 Ky. 247, 8 S.W. 260; Bayes v. Howes, 113 Ky. 465, 68 S.W. 449; Smith v. Perkins, 148 Ky. 387, 146 S.W. 758; Ray v. Ray, 298 Ky. 162, 182 S.W.2d 664; Hedden v. Hedden, Ky., 312 S.W.2d 891. Not having renounced her husband's will, Lelia had no claim to his undevised property.

In an amended complaint in the contest suit, Lelia asserted a claim for some unspecified kind of relief on an allegation that in 1943 Katie Hammond had fraudulently induced Owen and Lelia to convey to Katie their interest in a farm, on the false representation that Katie would devise all of her property to Owen in fee simple. The amended complaint alleged that by reason of such false representations Lelia was deprived of her dower interest in the land conveyed to Katie. Again, the simple answer to this claim is that Lelia, not having renounced her husband's will, could assert no right in any property he might have acquired from his mother. The alleged promise was only that Katie would leave her property to Owen. Lelia could not have benefited from the fulfillment of that promise unless either Owen left the property to Lelia in his will or she renounced his will. Neither of these things

happened. Since Lelia is in a position where she could not have benefited from fulfillment of Katie's alleged promise, there is no basis upon which she can claim any relief for breach of the promise or fraud in its making. It might be argued that if Katie had fulfilled her promise then Lelia would have renounced Owen's will, but it seems to us that if a renouncement were required in order for Lelia to claim an interest in property that Katie *did* leave to Owen, there would be a similar requirement in order for Lelia to assert a claim based on Katie's *not* leaving property to Owen.

The judgment is affirmed.