## Coldiron v. Martin's Fork Coal Company.

(Decided June 3, 1924.)

### Appeal from Harlan Circuit Court.

1. Evidence—Parol Evidence Admissible in Explanation of Deed.— Though evidence may not be introduced to vary or contradict terms of deed, it is admissible in explanation thereof.

2. Evidence—Extraneous Evidence Permissible to Identify Land Excepted.—Extraneous evidence is permissible to identify land excepted in deed when particular land excluded is not designated therein.

3. Evidence—Deed Held Ambiguous as to Land Excepted so as to Admit Parol Evidence.—Deed conveying land covered by three patents, each of which conflicted with the H. survey, and excepting land in the H. survey containing about five acres, held ambiguous so as to admit evidence that it was only intended to except the interference between the H. survey and one of the patents, the others being superior to that survey.

CLAY & CARTER for appellant.

WILLIAM LOW and J. S. FORESTER for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

In December, 1902, M. W. Coldiron conveyed to A. B. Cornett and W. W. Lewis a boundary of land containing about 200 acres, the title to which was regularly derived from three different patents.

Of these patents the first, to E. V. Unthank, was dated July 10, 1841; the second to James Farmer, July 3, 1823, and the third to A. L. Coldiron in 1869. On one side these three boundaries joined and conflicted to some extent with the Wilkerson Howard patent dated January 2, 1844, and in the deed executed by appellant the following exception was made: "Excepting and excluding from this deed land contained in what is known as the Wick Howard survey made about the year 1844, and containing about five acres."

Lewis and Cornett conveyed the land to the Martin's Fork Coal Company. In the year 1920 plaintiff filed suit to recover the land embraced in his boundary and included in the interference between the Howard patent and the Unthank and Farmer patents, consisting of about 10 acres. It appears that aside from this there were 5½ acres of the Coldiron survey covered by the Howard pat-

ent, so that the entire interference between the Howard patent and the boundary embraced in the deed of 1902 was over 15 acres. From a judgment for defendant, plaintiff appeals.

It is the contention of the appellees that the exception above mentioned, referred alone to the interference between the Howard and Coldiron patents, while appellant contends that all of the Howard interference was excluded, and that he is the owner of such interference to the extent of the conflict of the Howard patent with the Farmer and Unthank patents.

Several witnesses have testified, including A. L. Howard, one of the owners of the Howard patent at the time of the execution of plaintiff's deed. It is shown that appellant's lands were processioned before the sale and he was present; that the Howards were not claiming against the Unthank and Farmer patents, and were conceding that those were prior to their patent and that plaintiff's title to that part of the interference was superior to theirs. They were claiming priority in point of time in favor of their patent over the Coldiron patent, and that thereby they had superior title to that part of the interference on the Coldiron patent. It is further shown that since the execution of the deed Coldiron has lived in Oklahoma and did not list any lands in Leslie county between the years 1902 and 1920.

Appellant testified, and on cross-examination was asked as to whether it was his intention to convey all of the land to which he had a good title, and as to whether the exception was made on account of the lap of the Howard patent upon the Coldiron survey. His answer was: "I was afraid to make a deed under the circumstances." Q. "You were afraid to make a deed because you did not know you owned the exception, is that right?" A. "Yes." Q. "You were not afraid to make a deed to lands you knew you owned, were you?" A. "No."

There was no plea of fraud or mistake and it is claimed that all of this evidence was incompetent. It will be observed that it was not introduced for the purpose of varying or contradicting the terms of the deed, but in explanation thereof.

If the deed is construed to exclude only five acres the excluded land may be identified as a part of the interference, but as the particular part thereof is not desig-

nated, extraneous evidence would be permissible for that purpose. Greenleaf on Evidence, secs. 275 to 292; Slusher v. Slusher, 102 S. W. 1188; Dotson v. Fletcher, 171 Ky. 589. Of course, if the exclusion embraces all of the interference the land would be identified and located.

The real question is as to what is excluded. No other part of the deed throws any light on this clause, and standing alone it can hardly be given a satisfactory meaning. If the interference consisted of one hundred acres, it would be obvious that the exclusion was not intended to embrace all of it. On the other hand, if the interference was only a trifle more than five acres, the opposite conclusion would be reached, but the deed does not give the acreage in the interference. The provision is: "Excepting and excluding from this deed land contained in what is known as the Wick Howard survey made about the year 1844 and containing about five acres."

It might be argued that the expression, "land contained in . . . the Wick Howard survey containing about five acres," is equivalent to saying "*the* land" or "*all the* land" contained in that survey, but in order to do so we would have to supply the italicized words and it would be equally consistent with the other parts of the deed to say that the language meant "certain land" or a "piece of land" "contained in," &c., which would restrict the exclusion to five acres, so that either way it is turned the meaning is obscure and ambiguous, and under the authorities above cited extraneous evidence is admissible for the purpose of placing the court in the position of the parties at the time of the execution of the contract, and to explain the ambiguities thereof.

Considered in this light, as appellant's title was superior in the Farmer and Unthank patents, and the Howards were making no claims to the ten acres of interference therein, but were claiming the five acres of interference in the Coldiron patent, which was inferior to theirs, and as appellant was advised of this fact before executing the deed, it was natural and logical for him to have excluded the part to which he did not have title, and as the latter corresponds in acreage to the exclusion in the deed, we conclude that it is the part excluded in that instrument.

This view is strengthened by the fact that appellant did not list any land in that county thereafter until just

before the institution of this suit, which indicates the construction placed upon it by the parties themselves, a matter entitled to some weight.

This being the view of the trial court, the judgment is affirmed.