Marianna Baker STURTEVANT, Roy H. Brooks, R. M. Baker and Glenda Baker Bork, Plaintiffs-Appellants

v.

George L. HART and F. M. Hart, a partnership, d/b/a Hart & Hart, Defendants-Appellees.

No. 15425.

United States Court of Appeals Sixth Circuit.

Feb. 21, 1964.

John E. Early, Evansville, Ind., Paul F. Arnold, Evansville, Ind., George Wilson, III, Owensboro, Ky., on the brief, for appellants.

Neville Moore, Madisonville, Ky., W. Fred Hume, Providence, Ky., on the brief, Moore, Morrow & Frymire, Madisonville, Ky., of counsel, for appellees.

Before WEICK, Chief Judge, PHILLIPS, Circuit Judge, and McALLISTER, Senior Circuit Judge.

HARRY PHILLIPS, Circuit Judge.

By a deed dated August 7, 1905, Joe Freeman conveyed to F. M. Baker all the coal in and underlying the lands described therein "except the vein known as No. 12 which is reserved." This case grows out of a dispute as to the identity and ownership of the vein of coal reserved to grantors in the deed. Appellants are the successors in title to F. M. Baker, grantee, to the coal conveyed to him under this deed. Appellees are the lessees of the successors in title of Joe Freeman, grantor, to the coal reserved and excepted in the deed.

Appellants sued appellees for the conversion of large quantities of coal alleged to have belonged to appellants, and sought a judgment for $6,664,680. It is established that in the years from 1957 through 1962 the appellees removed something in excess of 500,000 tons of coal underlying the real estate described in the Freeman-Baker deed. Appellants contend that this coal was conveyed by said deed, belonged to them as successors in interest of the grantee, and was converted unlawfully by appellees. Appellees contend that all this coal so mined by them was taken from the vein reserved to grantors in the Freeman-Baker deed, and that they had the right to mine it as lessees of the successors in interest to said grantors.

The District Judge, the Honorable Henry L. Brooks, admitted parol evidence, over the objection of appellants, which established that at the time of the deed from Freeman to Baker the vein of coal "known as No. 12" was in fact the same vein from which appellees removed the coal here in question. At the conclusion of the evidence presented by plaintiffs-appellants the District Court dismissed the action on the ground that plaintiffs-appellants had shown no right to relief. Appellants contend that the admission of this parol evidence was error.

This appeal involves two questions: (1) whether parol or extrinsic evidence was admissable to identify the vein of coal reserved by Freeman in the deed to Baker and described therein as "the vein known as No. 12"; and (2) was the coal mined by appellees taken from "the vein known as No. 12" and reserved in the deed? If the first question is answered in the affirmative, an affirmative answer to the second question necessarily follows, because the parol evidence admitted by the District Court clearly establishes that the vein intended to be reserved to grantors in the deed was in fact the vein from which the disputed coal was mined by appellees.

It is well settled under the Kentucky decisions that: "While parol evidence is not competent to vary a writing, it is competent to identify the subject-matter of the contract, and to show what objects were, at the time, known by the terms they used." Jackson v. Hardin, 27 Ky.L.Rep. 1110, 1112, 87 S.W. 1119, 1121 (involving a contract for the sale of timber on a tract of land "known as the Levi Jackson home place"). To like effect see Dotson v. Fletcher, 171 Ky. 589, 188 S.W. 642; Perry v. Wilson, 183 Ky. 155, 208 S.W. 776; Prewitt v. Wilborn, 184 Ky. 638, 212 S.W. 442; Coldiron v. Martin's Fork Coal Co., 203 Ky. 577, 262 S.W. 948; Belcher v. Elliot, 312 F.2d 245 (C.A. 6). In order to have stability in contractual relations, parol evidence should not be admitted indiscriminately. Here, however, we are called upon to interpret a contract drawn up more than fifty years ago, describing a vein of coal "known as No. 12." Such a writing calls out for an interpretation, and we hold that the District Court was correct in admitting parol evidence to identify the vein of coal reserved.

Parol proof was admitted as evidence before the District Court to the effect that the land described in the Freeman-Baker deed contained only two veins of coal of workable thickness, the No. 9 vein and the vein then known as No. 12 but in later years described as No. 14 and sometimes by other numerical designations, from which appellees mined the coal here at issue; that the vein in question, then known as No. 12, outcropped in front of the residence of Joe Freeman in 1905, was the vein the parties could see, and could be worked without the cost of sinking a shaft; and that another vein under the land which in later years was identified as No. 12 was only five inches thick and had no commercial value.

Upon the basis of this evidence the District Court made the following finding of fact:

"The coal mined by defendants from the lands described in the complaint was the vein of coal 'known as No. 12' and was the vein of coal reserved and excepted in the deed from Freeman to Baker mentioned above."

The District Court concluded that appellants "have and had no title to and owned no interest in" the coal mined by appellees from the lands described in the Freeman-Baker deed. We hold that the findings of fact made by the trial judge were not "clearly erroneous." Rule 52(a), Federal Rules of Civil Procedure. To the contrary, we find the evidence is more than sufficient to sustain the conclusion that by reserving the vein "known as No. 12," the grantors intended to reserve and did reserve one of the two veins of workable thickness and commercial value underlying the land described in the deed, rather than an unworkable vein only five inches thick which had no commercial value.

The judgment of the District Court is affirmed.