## Voss, Sr., et al. v. Stortz, et al.

(Decided November 2, 1917.)

Appeal from Jefferson Circuit Court
(Chancery Branch, First Division).

1. Appeal and Error—Right of Appeal—Acquiescence.—Acquiescence must be clear, unconditional, voluntary and absolute to bar the right of appeal.

2. Wills—Curtesy—Election by Husband.—In the absence of a statute, there is no presumption that a devise by the wife to the husband is intended in lieu of curtesy and a husband is not required to elect between the devise and curtesy in his wife's undevised estate, unless such intention is clearly expressed in the will or necessarily inferable therefrom.

3. Husband and Wife—Tenant by Curtesy—Liability for Rents.—
   Where a husband is entitled to curtesy in his wife's undevised
   estate, he is not liable to his children for rents accruing after
   the death of his wife.

4. Husband and Wife—Principal and Surety—Suretyship of Husband
   —Liability—Sale of His Property.—Where the husband is entitled
   both to the property devised by his wife's will and to curtesy in her
   undevised estate, it is error on the petition of his daughter to
   sell the property devised, for the purpose of discharging certain
   mortgages on both the devised and undevised estate on the theory
   that he was a mere surety of his wife, and as between him and
   his children, the devised property was primarily liable for such
   debts.

5. Judicial Sales—Sale Under Answer and Cross-petition—When Not
   Authorized.—A sale under the answer and cross-petition of a
   mortgagee is not authorized when not asked.

6. Appeal and Error—Judicial Sales—Reversal of Judgment—Effect
   on Party Not Asking Sale—Costs.—A reversal of a judgment of
   sale unauthorized by the petition, will not place any part of the
   costs on a mortgagee who in response to a rule merely set up
   her lien and prayed the protection of the court without asking
   that the property be sold.

7. Appeal and Error—Judicial Sale—Sale Unauthorized by Petition—
   Sale Under Answer, Counter-claim and Cross-petition—Reversal.—
   Where a judicial sale was authorized by the answer, counter-
   claim, and cross-petition of a mortgagee, the judgment of sale
   will not be reversed because unauthorized by the petition.

ERNEST H. NEWMAN for appellants.

G. L. & V. G. EVERBACH for appellee, E. Waldburger.

W. L. DOOLAN for appellee, Margaret Green.

JAS. T. A. BAKER, for appellees, Freda V. Stortz and Fred Stortz,
her husband.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY,
COMMISSIONER—Affirming as to E. Waldburger and re-
versing as to Freda V. Stortz, Fred Stortz and Margaret
Green, with directions to dismiss the petition.

Anna Voss, wife of C. W. Voss, Sr., died in the year
1906, the owner of two pieces of property, one located
on Fifteenth street, and the other on Southgate street,
in the city of Louisville. The Fifteenth street property
was conveyed to her in the year 1888, and after her mar-
riage, with the power to dispose thereof by will. The
Southgate street property was conveyed to her as general
estate in the year 1889. At the time of her death, she

left a will dated November 10, 1888, by which she devised to her husband the Fifteenth street property, but made no disposition of the Southgate property. Her will was not probated until March, 1912. After her death her husband, C. W. Voss, Sr., took possession of both tracts and continued to use them and rent them out for several years. When Mrs. Voss died, there were two mortgages on the property, one for $500.00, covering only the Southgate street property, the other for $2,100.00, covering both the Fifteenth street property and the Southgate street property. Surviving Mrs. Voss were three children, Freda Voss, who subsequently married Henry Stortz, C. W. Voss, Jr., and Arthur Voss.

Charging that her mother died intestate as to the Southgate street property and that her father by reason of his election to take under her mother's will was precluded from asserting curtesy therein, Freda Stortz and her husband brought this suit against her father and brothers to have the Southgate property sold, for an accounting of rents, and to have the mortgage debts adjudged to be the debts of her father. The mortgagees were made parties and set up their liens. The case was referred to the commissioner to hear proof and report the amount of rents and profits received by C. W. Voss, Sr., and whether the mortgages were given to secure his debts or those of his wife. The commissioner fixed the amount of rents collected at $1,185.67, subject to a credit of taxes paid amounting to $269.19, thus leaving a balance of $916.48. The claim of C. W. Voss, Sr., for repairs and improvements amounting to $292.43 was rejected. The commissioner further reported that the mortgages in question were given to secure the debts of C. W. Voss, Sr. On final hearing it was held that C. W. Voss, Sr., had no interest in the Southgate street property, but that this property was owned jointly by Freda Stortz and her two brothers and could not be divided without materially impairing its value. Plaintiff and her two brothers were given judgment against their father for $916.48, with 6% interest from March 23, 1916. Chas. W. Voss, Jr., was charged with rents amounting to $460.00, with 6% interest from September 14, 1912, less his one-third interest in same. The mortgages were adjudged liens on the two pieces of property. The property was then directed to be sold. Sale was had and C. W. Voss, Sr., became the purchaser. C. W. Voss, Sr., C. W. Voss, Jr., and Arthur Voss appeal.

1. Appellees move to dismiss the appeal on the ground that C. W. Voss, Sr., by his purchase of the property sold by the commissioner, acquiesced in the validity of the judgment and thereby waived his right to prosecute the appeal. It is well settled that acquiescence in order to bar the right of appeal must be clear, unconditional, voluntary and absolute. Todd's Exo'r v. First National Bank, 173 Ky. 60, 190 S. W. 468. The case involved not only appellant's right of curtesy in the Southgate street property, but his liability for rents and his proportionate part of the mortgage debts. He resisted in every possible way, not only the sale of the property, but the claims asserted by his daughter. . When his contentions were not sustained and the sale was ordered, he purchased the property for the protection of his own interests. His purchase under these circumstances was not such an unconditional and voluntary act of acquiescence as to bar the right of appeal. The motion to dismiss the appeal is therefore overruled.

2. The principal question presented is, whether the elder Voss's acceptance of the devise in his favor precluded him from asserting curtesy in the Southgate street property, which was not disposed of by the will. It may be conceded that in the absence of a statute, election by the husband is governed by the same principles that apply to an election by the wife. Under the common law rule prevailing prior to the enactment of section 1404, Kentucky Statutes, a devise by the husband to the wife was presumed to be in addition to dower and the wife could take both, unless a contrary intention appeared in the will or was necessarily inferable therefrom. Yancy v. Smith, 59 Ky. 408, 9 R. C. L. P. 602, section 43. Of course a contrary intention plainly appeared where the will provided that the devise was in lieu of dower or where the husband, after making a devise to his wife, devised his remaining property to others. Under the foregoing rule, however, the wife was not required to elect between the devise in her favor and her dower in her husband's undevised estate, when it did not appear from the will that the devise was intended in lieu of dower. Davers v. Dewes, 3 P. Wms. 40, 24 Eng. Reprint 961; Dicks v. Lambert, 4 Ves Jr. 725, 31 Eng. Reprint 375; Sheldon v. Rose, 41 Conn. 371, 40 Cyc. 1970; Sutton v. Read, 176 Ill. 69; Collins v. Collins, 126 Ind. 590, 25 N. E. 704, 28 N. E. 190; Severson v. Severson, 68 Iowa 656, 27 N. W. 811. So far as the wife is concerned, the

foregoing rule has been changed by section 1404, Kentucky Statutes, which is as follows:

"When a widow claims her dowable and distributable share of her husband's estate, she shall be charged with the value of any devise or bequest to her by his will; or she may, though under full age, relinquish what is given her by the will, and thereupon receive her dower and distributable share as if no will had been made; but such relinquishment must be made within twelve months after the probate, and acknowledged before and left for record with the clerk of the court where probate was made, or acknowledged before a subscribing witness, and proved before and left with the clerk; but if, within said twelve months, an appeal be taken from the judgment of the county court probating the will, the widow shall not be required to make such relinquishment until within the twelve months succeeding the time such appeal is disposed of. Nothing herein shall preclude the widow from receiving her dowable and distributable share, in addition to any devise or bequest made to her by the will, if such is the intention of the testator, plainly expressed in the will, or necessarily inferable therefrom."

Under this statute the legal presumption is that a devise to the wife is in lieu of dower and she is compelled to elect between the two, unless a contrary intention is plainly expressed in the will or necessarily inferable therefrom. Huehline v. Huehline, 87 Ky. 247; Bayles v. Hawes, 113 Ky. 14; Smith v. Perkins, 148 Ky. 387, 146 S. W. 758. While the legislature might with propriety have changed the common law rule with respect to husbands as it did with respect to wives, neither the statute in question nor any other statute so provides. In the absence of a statute on the subject, the same rule prevails with respect to the husband as prevailed with respect to the wife prior to the enactment of section 1404, Kentucky Statutes, *supra.* Here Mrs. Voss merely devised to her husband the Fifteenth street property pursuant to a power conferred by deed. The will is absolutely silent as to the Southgate street property and contains no provision whatever from which it could be reasonably inferred that the devise in question was intended as a provision in lieu of curtesy. Under these circumstances, C. W. Voss, Sr., was not required to elect between the devise in his favor and his curtesy interest to his wife's undevised estate. On the contrary, he was entitled to both, and his acceptance of one piece of prop-

erty under the will did not preclude him from asserting curtesy in the other. Bottom v. Fultz, 124 Ky. 302; Bains v. Globe Bond and Trust Company, 136 Ky. 332, do not announce a contrary doctrine. In the first case, Mrs. Bottom devised all of her property to her husband for life, with the remainder to her children, but provided that in the event it should be held by a court of competent jurisdiction that said estate was subject to her husband's debts, it should then pass immediately to her children. In the second case, the wife devised certain property to her husband and the remainder of her property to her children. It was held that the husband in each case had the right to elect to take under the will, and that his creditors could not compel him to elect to take curtesy and his distributable share of the personal estate of his wife and then subject it to the payment of his debts. It will thus be seen that in each case the whole property was devised and an election was therefore proper. It follows that the chancellor erred in holding that C. W. Voss, Sr., was not entitled to curtesy in the Southgate street property.

For the same reason no recovery of rents should have been adjudged against either C. W. Voss, Sr., or C. W. Voss, Jr. It was also error on the petition of the daughter to order a sale of the devised estate for the purpose of discharging the two mortgages on both the devised and undevised estate, on the theory that C. W. Voss, Sr., was a mere surety of his wife and as between him and his children, the devised property was primarily liable for such debts. Nor was the sale authorized by the answer and cross-petition of the mortgagee, Margaret Green, because no sale was prayed. In view, however, of the fact that Margaret Green did not assert her mortgage claim until ruled to do so, and merely asked the protection of the court in event the sale was made, no part of the costs should be charged to her.

It appears that the mortgagee, E. Waldburger, was made a party defendant and required to set up her mortgage lien on the Southgate street property. She filed an answer, making it a counter-claim against plaintiffs, and cross-petition against defendants, asking to be adjudged a first lien on the Southgate street property to the amount of her mortgage debt and that this property be sold. Summonses were served on all the parties, but none of them made defense. Even though it be conceded that the sale of this property was not proper under the

petition, it was proper under the answer, counter-claim, and cross-petition of E. Waldburger. That being true, the judgment ordering the sale of the Southgate street property will not be reversed.

Wherefore, the judgment is affirmed as to E. Waldburger, and reversed as to Freda V. Stortz, Fred Stortz, and Margaret Green, with directions to dismiss the petition.