## Perry, et al. v. Wilson.

(Decided February 4, 1919.)

### Appeal from Harlan Circuit Court.

1. Deeds—Title—Delivery.—The title to real estate passes upon the execution and delivery of the deed.

2. Frauds, Statute of—Sufficiency of Description.—If the description in the deed or writing is sufficient to identify it, so that it can be designated by parol proof, and the words of description in the writing applied with certainty to the exact property, which the parties had in mind, when making the contract, the description is sufficient to meet the requirements of the statute of frauds.

3. Deeds—Extrinsic Parol Evidence.—Extrinsic parol evidence is not admissible to identify the property, which the parties had in mind, when making the contract, as the writing must identify it, but, such evidence is admissible to designate the property, which was identified in the minds of the parties, as expressed in the writing.

4. Adverse Possession—Champerty.—The adverse possession necessary to render a sale of a tract of land chapertous, must be such an adverse possession as, if continued, would ripen into a title after the statutory period.

5. Champerty and Maintenance—Champertous Contracts in General. —The sale, by a co-tenant to another co-tenant, of his interest in

lands, which are claimed by them under the same title, is not champertous.

6. Dower—Devise in Lieu of Dower.—Where a husband devises property to his wife, it is presumed, that the devise is in lieu of dower, unless the will expressly shows a contrary intention, or the latter intention is necessarily inferable from the will.

7. Dower—Devise in Lieu of Dower.—Where a devise is made to the wife by the husband, in lieu of dower, the wife is barred from claiming dower, in the lands of the deceased husband, unless she within twelve months, renounces the provisions of the will in the manner provided by law.

8. Dower—Devise in Lieu of Dower—Failure to Renounce Will.— Where a widow fails to renounce the provisions of a deceased husband's will for her benefit, within the time provided by law, it is presumed, that she has elected to accept the provisions of the will, in lieu of dower and distributable share.

9. Dower—Law of the Place.—The title to real estate is governed, solely, by the law of the place, where it is situated, and the widow of an owner of real property, in this state, who resided in another state, is entitled to dower, in the lands in this state, solely, by virtue of the laws of this state, and her right to same must be measured by the conditions and restrictions, which the laws of this state, impose upon the right to dower.

ZEB A. STEWART and KEITH B. WISE for appellants.

J. S. FORRESTER for appellee.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

The widow and children of Aaron H. Helton, deceased, instituted this action, in the Harlan circuit court, against the appellee, E. M. Wilson, and sought the sale of a large tract of land, containing above six hundred acres, and the division of the proceeds among the owners of the land. The children of Aaron H. Helton claimed, that they were the joint owners of an undivided one-fifth part of the land, by inheritance from their father, and the widow claimed, that she was the owner of a dower, in the portion, owned by the children. The defendant, Wilson, was admitted to be the owner of an undivided four-fifths of the land. The land was unimproved, and the sale was sought upon the ground, that it was indivisible, without material impairment of its value. Wilson denied the ownership of any part of the land, or any interest in it, by the plaintiffs, and claimed ownership of the entire tract. The court adjudged, that Wilson was the owner of all the interests, in the land, and that the peti-

tion of the plaintiffs, be dismissed, and from that judgment, they have appealed.

The title to the land was granted to Robert H. Helton, by a patent to him, from the Commonwealth of Kentucky, in the year, 1846. He died, intestate in the year, 1883 or 1884, and left, as his only heirs, Aaron H. Helton, the husband of Sarah Helton Perry, and father of the other plaintiffs; and two other sons and two daughters: James I. Helton, Alexander Helton, Milly Melton and Patience Brock. The plaintiffs claimed, that Aaron H. Helton died in the year, 1910, the owner of the interest in the land, which he inherited from his father, Robert H. Helton, and that they inherited the ownership of the interest, from him. The defendant, Wilson, claimed ownership of the lands, by conveyances made by James I. Helton, Alexander Helton, Milly Melton and Patience Brock, and through mesne conveyances from their vendees to him, and these conveyances are undisputed. He, also, made claim, that on the 28th day of August, 1888, Aaron H. Helton conveyed the interest in the land, which he inherited from his father, Robert Helton, to his brothers, James I. Helton and Alexander Helton, and that the conveyances, thereafter made by them, included the interest, which they received by the conveyance from Aaron H. Helton. The plaintiffs denied, that Aaron H. Helton ever conveyed his interest in the land to his brothers, and that if he did execute the deed relied upon, that it was void, because of its uncertainty, as to the land, which was attempted to be conveyed by it, and, further, was a champertous transaction and therefore void, and for these reasons, the title of their father did not pass by reason of it. Hence, the title, of the children of Aaron H. Helton, to one-fifth part of the land, is dependent upon whether he executed the deed of conveyance to his brothers, and if he attempted to do so, did the deed contain a description of the land, of such certainty, as to pass the title, and, further, was the transaction champertous?

(a) Contentions are made to the effect, that the deed exhibited, as the evidence of the sale and conveyance, by Aaron H. Helton, to his brothers, James I. and Alexander Helton, of his undivided interest in the land, was defectively certified as to his acknowledgment of the deed; that the certificate of acknowledgment was not signed properly by the officer, before whom, it purport-

ed to have been acknowledged, and that the signature to
the certificate, thereafter made by the county court clerk
of Leslie county, was invalid, as at the time, he was with-
out authority to so sign it; that it was not a recordable
instrument, because of the defective certification of the
acknowledgment, and hence, a copy of it, made from the
records of the county court clerk's office, was not compe-
tent evidence of the existence or execution of such a deed.
It is unnecessary to discuss or pass upon these conten-
tions, as the original deed was exhibited in the evidence;
it purports to be the evidence of an executed contract;
and its execution and delivery, by Aaron H. Helton, at
the time it bears date, was proven by the testimony of
the deputy of the county court clerk, and another, who
was present, and their testimony is not contradicted by
any witness or circumstance. Independent of any certi-
fication, the deed was proven to have been delivered by
the grantor, on the day it bears date, and to have been
recorded in the office of the clerk of the Harlan county
court, thereafter, on the 12th day of March, 1901, and to
have been in the custody of one of the heirs of Alexander
Helton, as late, as the year, 1916. The evidence, with-
out contradiction, is to the effect, that Aaron H. Helton,
who resided in the state of Kansas, was, at the time the
deed was executed, on the 28th day of August, 1887, in
Leslie county, Ky., upon a visit to his relatives, and that
at the home of James I. Helton, in that county, and on that
occasion, two other deeds were prepared and executed,
by one of which the heirs of Robert H. Helton, including
Aaron H. Helton, conveyed to the heirs of a deceased
brother of their father, a tract of land, the title to which
was in their father, at his death, and by the other deed,
the heirs of Robert H. Helton, excepting Aaron H. Hel-
ton, conveyed to their brother, Alexander Helton, a tract
of land, which their father owned at his death. Aaron
H. Helton, though present, did not join in this deed, for
the reason, it is to be inferred, that on the same occasion,
he executed the deed, in controversy, by which he con-
veyed to Alexander Helton and James I. Helton, the in-
terests, which he had inherited from his father, in all the
lands, which were owned by his father, at his death, and
James I. Helton, joining in the deed with the other heirs
to Alexander, made the title of Alexander complete in
the tract of land conveyed to him. The testimony to the

effect, that the deed, in controversy, was executed by
Aaron H. Helton, at the time and place it purports to be,
is greatly corroborated, by the certificates of acknow-
ledgment, which the deputy clerk endorsed upon the
other two deeds. They are similar·in character as to the
words and manner of signature, to the endorsement,
which the deputy proves, that he placed upon the deed, in
controversy. The words and style of signature seem
to have been peculiar to the deputy. He, beyond ques-
tion, was very unskillful, and among other things, the
certificates of acknowledgment to the other deeds, and his
signature to each are made in a similar way. Ten years
afterwards, when his vendees, and their sisters, and
another, who had acquired some interest in the
land, joined in a suit against certain parties
for trespassing upon the land, and after a protracted lit-
igation, recovered a judgment for $1,000.00, in damages,
Aaron H. Helton, although well known, in that com-
munity, as it may be inferred, as a son of Robert. H.
Helton, through whom the plaintiffs claimed title, was
not made a party to that suit. During its pendency, he
made a visit to Harlan county, and following the visit,
gave a deposition for the plaintiffs, on the 4th day of
November, 1899, in which it plainly appears, that he
knew, who were the plaintiffs, and that he was acquainted
with the land, that was in litigation. He did not make
any claim, at that time, nor thereafter to any interest in
the land, nor in the judgment, although he testified to his
knowledge of his father's ownership of the land, at the
time of his death. Hence, it is concluded, that Aaron H.
Helton executed and delivered the deed, as claimed by
the appellee, and the plaintiffs are neither creditors nor
purchasers.

(b) The contention, that the deed does not contain a
description of the lands, sufficiently certain, to pass the
title under the statute of frauds, and that the deed is
therefore void, we do not think is tenable. The deed re-
cites that in consideration of the sum of $150.00 in hand
paid, the grantor has bargained and sold unto the grantees
all of the grantor's interest, in the real estate of his
father, R. H. Helton, deceased, and covenants to warrant
and defend the title to the interest conveyed against the
claims of himself and heirs. Aaron H. Helton and "his
heirs" are named as the vendors, and James I. and

Alexander Helton, as the vendees. Of course, the heirs of Aaron H. Helton then had no interest in the land to convey, and he was the only party in interest, and the addition of his heirs as vendors, with him, could have no effect upon the interest conveyed by him, and seems to have been added by the unskillfulness of the draughtsman, without any real meaning. In such a transaction, a writing signed by the vendor alone, if otherwise sufficient, is adequate, under the statute of frauds. Posey v. Kimsey, 146 Ky. 205; Fugate v. Hansford, 3 Litt. 262; Tyler v. Onzts, 93 Ky. 331; Henderson v. Perkins, 94 Ky. 207; Armstrong v. Lyen, 148 Ky. 59, and many others. It is insisted, that a deed is void, because of uncertainty, when it does not contain a statement of the county and state, in which the lands, intended to be conveyed, are situated, and there are authorities, which support this contention, but, in this jurisdiction, such a rule has not been adhered to. Bates v. Harris, 144 Ky. 399. The rule prevailing in this jurisdiction is, that if the description of the property, in the deed or writing is sufficient to identify it, so that it can be designated by parol proof, and the words of description in the writing applied with certainty to the exact property, which the parties had in mind, when making the contract, the description is sufficient under the statute of frauds. Extrinsic evidence is not admissible to identify the property, which the parties had in mind, when making the contract, as the writing must identify it, when read in the light of the facts, but, the extrinsic parol evidence is admissible to designate the property, which has been identified in the minds of the parties, as expressed in the writing. Matherly v. Wright, 171 Ky. 264; Bates v. Harris, *supra;* Hanly v. Blackford, 1 Dana 2; Henderson v. Perkins, *supra;* Tyler v. Onzts, 93 Ky. 331; Posey v. Kimsey, 146 Ky. 205; Hall v. Cotton, 167 Ky. 467; Campbell v. Preece, 133 Ky. 572; Brice v. Hays, 144 Ky. 535; Hyden v. Perkins, 119 Ky. 188; Moayon v. Moayon, 114 Ky. 855; Ellis v. Deadman's Heirs, 4 Bibb, 466. The language of the deed, in controversy, identifies the property, which is the subject matter of the contract, evidenced, by the deed as the interest which the grantor inherited in the lands, owned by his father, R. H. Helton, at the time of his death. Without, further identification, than is expressed by the language of the deed, the description

given in the deed can be applied with certainty, to the property, in controversy, and for such may be designated and pointed out, as the property which the deed identifies as the subject of the contract. When by parol proof, the lands, which were owned by R. H. Helton, at the time of his death, are designated and pointed out, there seems to be no basis for the contention, that there is any uncertainty as to the property embraced by the deed, or as to that which the parties had in mind, in the execution and acceptance of the deed. Though proof of the fact, that Aaron H. Helton had knowledge of the ownership of the lands by his father, at the time of his death, can not be called to assist the identification expressed by the deed, yet the proof shows, clearly, that he had such knowledge at the time of the execution of the deed.

(c) The plea that the deed, in controversy, was champertous, will not avail the appellants anything, for two reasons. (1) There is no evidence in the record, which proves, that the lands were in the adverse possession of another, at the time, the deed was executed. The adverse possession which must exist to make a convyance of lands champertous, must be, in all cases, such a possession, as if continued for the statutory period, will ripen into a title in the possessor. (2) The purpose of the statute, which makes champertous the sale of real estate, which is held in adverse possession, is to discourage litigation, by prohibiting one, who has a doubtful title, and who is not willing to sue upon his title, from selling it to another, and thus encourage strife. Where co-tenants claim under the same title, a sale by one of his interest in the land to the other, does not introduce any stranger to the title, and the reason for the statute fails. He sells to one, who already has a right to sue and to base his action upon the same title. Aaron H. Helton and the vendee in the deed, were co-tenants. Russell v. Doyle, 84 Ky. 386; Cummins v. Latham, 4 T. B. M. 97; Speer v. Duff, 23 K. L. R. 1323; Blackerby v. Holton, 5 Dana, 520.

(d) The proof, without contradiction, however, shows, that the appellant, Sarah Helton Perry, was the wife of Aaron H. Helton, at the time, he executed the deed, by which he conveyed his interest in the lands to his brothers. She became his wife, in the year, 1881, and was therefore his wife, at the time, the interest in the lands, in controversy, was sold and conveyed by her hus-

band. She did not join in the deed, by which the husband conveyed his interest in the land, and the question arises, as to whether the trial court should have denied her, a dower in the interest in the land, to which he held title during her coverture. The statute, 2132, Ky. Stats., provides, that after the death of the husband the wife shall have an estate for her life in one-third of all the real estate, of which he, or any one for his use, was seized of an estate in fee simple during the coverture, unless she has forfeited or relinquished the right, or the right to recover it has been barred. It appears, from the record that the husband, in the instant case, died testate, and by his will he devised all of his personal estate to the wife, and a life estate in a farm, which he owned in Oklahoma, and the wife was, also, made the executor of the will, and accepted the provisions of same, by executing the will according to its terms. The lands, in controversy, were not mentioned, in the will, and if owned by the testator, at the time of his death, would have passed, as undevised estate. Section 2132, *supra,* must be read and construed in connection with section 1404, Ky. Stat. The latter section has been, consistently, construed by this court, to provide, that if a husband makes a provision for his wife, by devising property to her, and she fails, within twelve months, after the probate of the will, to renounce the provisions of the will made for her benefit, she is barred from claiming dower, in the lands of the deceased husband, unless it affirmatively appears from the will, or it is necessarily inferable from it, that it was not the intention of the husband, to give the wife, the property devised to her, by the will, in lieu of dower. Bayes, etc. v. Howes, etc., 113 Ky. 265; Huhlien v. Huhlien, 87 Ky. 250; Smithers v. Smithers' Exr., 9 Bush 233; Smith v. Perkins, 148 Ky. 387; Grider v. Eubank, 12 Bush, 510; Mercer v. Smith, 107 S. W. 1196; Smith v. Boone, 7 Bush, 367; Voss v. Storts, 177 Ky. 541. The common law rule, which prevailed before the adoption of section 1404, *supra,* was different, and yet applies to a husband, who claims courtesy, in a deceased wife's lands. Voss v. Storts, *supra.* The failure by the wife to renounce the provisions of the will for her benefit, is an election by her, to accept the provisions of the will, and where the will does not affirmatively declare, or if it is not necessarily inferable from the will, that the tes-

tator intended, that she should have dower, in addition to the benefits under the will, the presumption is conclusive, under the statute, that the devise was in lieu of dower, and being in lieu of dower, it bars the right to recover dower, in lands, which the husband had sold, in his lifetime, and in the conveyance of which the wife did not join. Grider v. Eubank, etc., *supra*. The will of Aaron H. Helton does not, in terms, provide, that the devises made to his wife, shall not be in lieu of dower and distributable share, nor is such intention necessarily inferable from the will. It is true, the will was made by a testator, domiciled in the state of Oklahoma,. and it might be insisted, that section 1404, *supra,* had no reference to a foreign will, but, only to domestic ones, and that the intentions of such a testator should be determined by the law of his domicile, and no doubt, as a general rule, this is correct, but, it is certainly incontestable, that the title to real estate, is governed by the law of the place where it is situated, and solely by such law. It is only by virtue of the laws of this state, that a widow of an owner of land in this state, who dies a citizen and resident of another state, is entitled to dower in such lands, and under such circumstances, she should only have dower in lands, situated in this state, under the terms and conditions prescribed by the laws of this state.

The judgment is therefore affirmed.