## Wilson et al. v. Fisher et al.

Dec. 8, 1944.

E. P. Nicholson, Jr. for appellants.

E. B. Wilson and Anderson Wood for appellees.

OPINION OF THE COURT BY PERRY, COMMISSIONER—
Affirming.

George T. Fisher died testate December 17, 1940, a resident of Middlesboro, Ky., the owner of four separate parcels of real estate located therein. He was survived by his widow, Bertha Fisher, and five heirs at law, to-wit: Two adult daughters, Billie P. Fisher and Lillian Fisher Whitaker, the issue of a first marriage with Helen Fisher from whom he had been divorced; two infants, Thelma and George Kyle Fisher, the issue of his second marriage with Bertha Fisher, and a granddaughter, Billie Jean Wilson, the child of a deceased daughter, Hazel Fisher, who died intestate.

The decedent left a will, of date July 26, 1939, which was duly probated.

Item 2 of his will reads as follows:

"To my wife, Bertha Fisher, and my children, George Kyle Fisher and Thelma Fisher, jointly, I give, devise and bequeath the home in which we now live and which said property is more particularly described as follows:" etc.

Further, by item 3 of his will he directed that:

"All the property, excepting only the real property mentioned, described and disposed of in and by Item Two hereof; real and personal of every kind and description, wheresoever situate, which I may own or have the right to dispose of at the time of decease, I direct (be) disposed of to and among those persons legally entitled thereto in accordance with the laws of the State of Kentucky in such cases made and provided."

Shortly following the probate of the will, the widow having received the home property which had been jointly devised her and her two children by item 2 of the will, she conceived that she was entitled to a dower interest in the remaining real estate of her husband, to-wit, the above mentioned three parcels thereof which

by item 3 of his will he directed be "disposed of to and among those persons legally entitled thereto in accordance with the laws of the State of Kentucky," as being a member of that group or class, and accordingly filed suit in the Bell circuit court on October 23, 1941, wherein, without relinquishing the specific devise made in fee jointly to her and her two infant children, she asserted and sought to recover dower in the remainder of her husband's real estate, alleging that it was indivisible for allotment in kind among her, as dowress, and the decedent's five heirs at law, who were made defendants and asked that the deceased husband's three separate parcels of real estate be ordered sold as a whole and the net sale proceeds divided between her, as dowress, and the five heirs at law according as their interests might appear.

Upon filing the petition, plaintiff filed motion and supporting affidavit asking that a guardian ad litem for service of process be appointed for the infant, George Kyle Fisher, he being under fourteen years of age, and further moved for the appointment of a guardian ad litem to defend the rights of the other two infant heirs in said action. Whereupon G. R. Drinnon was by the clerk appointed guardian ad litem for the infant, George Kyle Fisher, for service of process, and James W. Smith was appointed by the court as guardian ad litem for all of the infant defendants to defend their rights in the action.

Plaintiff having alleged that the property involved was indivisible and could not be alloted in kind among the widow, as dowress, and heirs at law, the court ordered proof taken on that question, which was accordingly done, the testimony of the deponents being all to the effect that the property was not susceptible to a fair division and allocation in kind among the widow and the five defendant heirs according to their interests under the will.

Neither of the guardians ad litem appointed for the infant defendants raised any objection to the sale of the property as a whole, though the guardian ad litem, James W. Smith, filed his report, in which he stated that he had made a full investigation as to the indivisibility of the property and was unable to make a defense thereto. The other guardian ad litem, G. R. Drinnon, appointed to represent and for service of process upon him for

the infant defendant, George Kyle Fisher, was never heard to raise his voice by way of objection or pleading on behalf of the infant defendant at any stage of the proceedings.

Such being the proof supporting the alleged indivisibility and fair allocation in kind of the remainder of decedent's property between the widow and heirs, the court adjudged that the three parcels thereof be all separately sold and the net proceeds, after the payment of costs, etc., be distributed and paid to the widow and the five defendants or their assigns according as their interests appeared.

Complaining of this judgment as erroneous, the infant, Billie Jean Wilson, by her guardian, William Ballard, and Thelma and George Kyle Fisher, infants, by their next friend, William Ballard, prosecute this appeal, contending that the judgment was erroneous on the following grounds: (1) That the widow was not charged in the distribution of the sale proceeds of the property, paid her as the cash value of her dower, with the value of the specific devise made her by item 2 of the will; (2) that the land was divisible and its sale unwarranted; and (3) that George Kyle Fisher was not properly before the court nor was he properly represented by the guardian ad litem appointed for him.

The single question thus presented by the record for determination is whether or not the widow, who received a specific devise of part of her husband's estate under his will, can, without renouncing the provision made for her in the will, claim dower without accounting or charge therefor in his remaining lands, as to which her husband, by item 3 of his will, directed that they be disposed of "to and among those persons legally entitled thereto in accordance with the laws of the State of Kentucky," which in effect directed that plaintiff, in her right as widow, have dower therein in addition to the specific devise made her by the will.

Section 2132, Kentucky Statutes (392.020 KRS), provides:

"After the death of either the husband or wife, the survivor shall have an estate for his or her life in one-third of all the real estate of which he or she, or any one for his or her use, was seized of an estate in fee

simple during the coverture, unless the right to such dower or interest shall have been barred, forfeited or relinquished * * * .''

Section 2136, Kentucky Statutes (392.120 KRS), provides:

"A conveyance or devise of real or personal estate, by way of jointure, may bar the wife's interest in the property and estate of the husband; but if made before marriage, without her consent, or during her infancy or *after marriage,* she may, within twelve months after her husband's death, waive the jointure by written relinquishment, acknowledged or proved before and left with the clerk of the county court, and have her dower or share of his estate as herein provided. When she so demands and receives her dower, or such share of his estate, the estate conveyed or devised in lieu thereof shall determine and revert to the heirs or representatives of the grantor, or devisor." (Italics ours).

Under the common law rule prevailing prior to the enactment of section 1404, Kentucky Statutes (now 392.080 KRS), a devise by the husband to the wife was presumed to be in addition to dower and the wife could take both, unless a contrary intention appeared in the will or was necessarily inferable therefrom. Under the foregoing rule, however, the wife was not required to elect between the devise in her favor and her dower in her husband's undevised estate, when it did not appear from the will that the devise was intended in lieu of dower. Voss v. Stortz, 177 Ky. 541, 197 S. W. 964; Perry v. Wilson, 183 Ky. 155, 208 S. W. 776.

So far as the wife is concerned, the foregoing rule has been changed by the said last named section.

To such effect was it said in the early case of Huhlein v. Huhlein, 87 Ky. 247, 8 S. W. 260, 261:

"By the common law a devise to the wife is not construed as in lieu of dower, unless such an intention is expressed, or plainly inferable from the will. She is entitled to it also, unless the will requires a different interpretation. Timberlake [etc.] v. Parish's Ex'r, 5 Dana 345.

"Our statute has however, changed this rule. It provides: 'Nothing herein shall preclude the widow from receiving her dowable and distributable share, in addi-

tion to any devise or bequest made to her by the will, *if such is the intention of the testator, plainly expressed in the will, or necessarily inferable therefrom.'* Gen. St., c. 31, sec. 12. It is yet a question of intention upon the part of the testator; but she is not entitled to dower in addition to the devise, unless it affirmatively appears from the will that he so intended.'' (Italics our).

This statute, referred to in the Huhlein case, supra, as changing the common law rule, is practically the same, both in its language and effect, as our present statute, section 1404, Kentucky Statutes (392.080 KRS), which reads as follows:

''(1) Except as provided in subsection (2), when a widow claims her dowable and distributable share of her husband's estate, she shall be charged with the value of any devise or bequest to her by his will; or she may, though under full age, relinquish what is given her by the will and receive her dower and distributable share as if no will had been made. Such relinquishment shall be made within twelve months after the probate. * * *

''(2) Subsection (1) does not preclude the widow from receiving her dowable and distributable share, in addition to any devise or bequest made to her by the will, if such is the intention of the testator, plainly expressed in the will or necessarily inferable from the will.''

Under this statute the legal presumption is that a devise to the wife is in lieu of dower and she is compelled to elect between the two, *unless a contrary intention is plainly expressed in the will or necessarily inferable therefrom.* Voss v. Stortz, supra.

Here the widow, after accepting and receiving a specific devise to her and her two children, by way of jointure, of her husband's home place, as directed by item 2 of his will, did, without relinquishing such provision made by the will for her and her two children, bring suit, claiming dower in the other or remainder part of decedent's real property. The lower court adjudged that decedent's widow, Bertha Fisher, should be assigned dower in addition to the specific devise made her, regardless of her not having relinquished it, as is provided by section 1404, Kentucky Statutes (392.080 KRS).

Such holding of the trial court was plainly erroneous, as the appellants here contend, unless testator's further devise, made by item 3 of his will, of the remainder of his property to and "among those persons legally entitled thereto in accordance with the laws of the state of Kentucky" brought such disposition of his remaining estate within subsection 2 of the above statute, providing that: "Subsection (1) does not preclude the widow from receiving her dowable and distributable share, in addition to any devise or bequest made to her by the will, *if such is the intention of the testator,* plainly expressed in the will or necessarily inferable from the will."

It is our conclusion that by this provision made by item 3 of decedent's will, by which he expressly disposed of the remainder of his property "to those persons entitled to receive the same under the laws of the State of Kentucky," of which class his widow was one, he clearly expressed and manifested an intention to give his widow, in addition to the specific devise made her, a dower interest in his remaining property and by virtue of which she was not, under the provision of subsection 2, section 1404, Kentucky Statutes (392.080 KRS), precluded from claiming dower therein.

As to the two further grounds alleged for reversal, that the land was divisible and its sale unwarranted and that George Kyle Fisher was not properly before the court nor was he properly represented by the guardian ad litem appointed for him, it is our conclusion, after carefully considering them, that they are without merit. The chancellor, in concluding that the property was not divisible for apportionment in kind among the heirs and the widow and directing its sale, soundly based his conclusion on the entire proof heard by him, which was all to the effect that the property was not susceptible of a division and allocation in kind which would be fair to the parties in interest, the widow and the five heirs.

Neither is the claim that the infant, George Kyle Fisher, was not properly before the court, nor properly represented by his guardian ad litem, based on any substantial grounds, as he was represented by James W. Smith, the guardian ad litem appointed by the court to defend the rights of *all* the infants in the action and he did so defend them, even though it

may be conceded that G. R. Drinnon, appointed by the clerk as guardian ad litem for the infant, George Kyle Fisher, did not display any interest or exercise any diligence in defending his rights in the action, but apparently faded out of the picture after having been appointed. However, the guardian ad litem appointed by the court, Mr. Smith, filed answer, stating he had carefully investigated the issue as to the indivisibility of the testator's remaining real estate and that he was unable to make a defense against its sale as a whole, in view of the evidence introduced showing it indivisible, which necessitated the sale of the property and a division of the net sale proceeds among the parties entitled thereto.

It thus appears that the infant's rights were defended and protected in the action by the guardian ad litem appointed by the court to defend the interests of all the infants even though the particular guardian ad litem appointed for him failed to render him such service.

Such being the showing of the record that the rights of the infant defendant, George Kyle Fisher, have been defended and that his rights have not been prejudiced by the rulings of the court, it follows that its judgment should be and it is affirmed.