## Morguelan v. Morguelan's Ex'r et al.

March 26, 1948.

Joseph J. Hancock for appellant.

David L. Waterman and Dodd & Dodd for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Affirming.

Louis E. Morguelan, then a resident of Louisville, died testate December 20, 1945, leaving surviving his widow, appellant, and Stuart L. Morguelan, a son of a former marriage. The will dated February 14, 1945, named S. Arnold Lynch as executor and he qualified. The will provided for payment of debts and funeral expenses. Item 3 made several charitable bequests. Item 4 was a bequest to a sister and his mother. Item

5 bequeathed all household effects to his wife. Item 6 is the one about which a controversy arose; it reads: "I give and devise to my son Stuart Morguelan my real estate located at 507 West Broadway * * * in fee simple. In lieu of my wife's dower interest in said real estate I give her the sum of Four Thousand Dollars."

Item 7 bequeathed the assets, stock in trade, fixtures, etc., of his business, the Broadway Novelty Company to the wife and son jointly, they to continue the business as partners if they desired, or to elect to sell the business "the proceeds to be disposed of according to their wishes." Item 9 provided that in case the wife predeceased testator all assets should go to the son. Item 9 bequeathed the residue to the wife and son equally.

On September 27, 1947, the executor filed a petition seeking a declaration of rights, alleging a controversy as to the proper construction of Item 6. It was alleged the executor had caused a deed of release to be executed by Mrs. Morguelan to the son on October 1, 1946, which had been recorded, and he had paid to the widow $4,000 out of the general assets of the estate, but she was asserting a claim for an additional $2,000, alleging that the bequest to her is a charge upon the real estate, and not a bequest out of the general assets. The son took the opposite view, both contentions being more fully shown by subsequent pleadings.

Appellant answered making her pleading a cross petition against the son. Insofar as is relative she alleges title to the devised realty was in her husband at the time of his death, and that he owned no other real estate; that the property devised was of the value of $23,000. She alleged that her right in the real estate was fixed by Sec. 392.020, KRS, one-third for life, and she being 45 years of age at testator's death the value of her interest would be $5256.87, and that Clause 6 of the will fixed her interest at less than that sum. She alleges that it was the intent of testator in devising the real estate to the son to create an interest for her benefit to the extent of $4,000, and the son took the property impressed with the interest of the widow in the sum of $4,000, and that it was the further intent of testator, and he so provided that no part of said sum should be

paid out of the general assets, but was to be paid by the son as the devisee of the real estate.

The son answered in denial, and then plead affirmatively that, as alleged in the original petition, Mrs. Morguelan in consideration of the payment of $4,000 to her had conveyed any interest which she might have had in the real estate devised; "that a contemporaneous construction of the will was had at that time," and the widow is estopped to assert any contradictory claim, she having knowledge of all facts in relation to the estate of deceased. The deed is not in the record, but it is stated that it released all right of dower.

The chancellor held the bequest of $4,000 to Mrs. Morguelan not to be a charge on the real estate, but to be a "general legacy of personalty, payable out of the personal assets of testator." To this judgment Mrs. Morguelan objected and was granted appeal.

In brief for appellant it is contended (1) that construing the will as a whole it is established that there was specific intent on the part of testator to devise to the widow and son the property disposed of under Clause 6 of the will. A cursory reading of that clause and the remainder of the will fails to disclose any language that would form the basis for such conclusion. The use of the words "in fee simple" to our minds evidences a purpose to vest the title in the son. Ordinarily the words are construed to mean an absolute estate of inheritance, free from qualification or condition; such an estate is not to be limited unless a contrary intention clearly appears. Radford v. Fidelity & Columbia Trust Co., 185 Ky. 453, 215 S. W. 285.

It is also contended that the closing sentence of Clause 6 "expresses a positive intent that instead of a dower interest, the widow should acquire an interest in the real estate to the value of $4,000, the words used emphasizing the purpose of testator to provide for his wife more than a mere life estate and a positive act of vesting her with a $4,000 interest" in the estate devised to the son, citing Corn v. Roach, 225 Ky. 725, 9 S. W. 2d 1074.

We do not think Clause 6, read alone or in connection with any other portion or all of the will, can be

construed to mean that it was intended for the wife to acquire any interest in the devised land, or that it vested her with any interest at all, since this devise was to be in lieu of a dower interest, and it is shown without denial that she accepted the $4,000 in lieu of dower, and executed quit claim conveyance. The cited authority does not appear to have bearing on the question presented here.

It is finally argued that Sec. 392.020, KRS vests the widow with a dower interest in the devised real estate. That this being true, and there is no room for doubt, the widow could only be divested of her interest thereby created, by failure to comply with sec. 392.080, KRS and not then if such divestiture came within subsection (2) of that section, citing Wilson v. Fisher, 298 Ky. 790, 184 S. W. 2d 104, 107. In that case the testator devised to his wife and children jointly, the family home; the remainder of his property was devised to those persons legally entitled to it under the then prevailing laws of descent and distribution. The widow claimed her dower in addition to the specific devise, and the lower court held her entitled. This ruling was affirmed by this court, although there had been no renunciation. We said "the legal presumption is that a devise to the (widow) is in lieu of dower, and she is compelled to elect * * *, unless a contrary intention is plainly expressed in the will or necessarily inferable therefrom." We then said that the will there manifested an intention to give the widow (as one entitled under the law) a dower interest in addition to the specific devise. Here the contrary intention was clearly, and we think unequivocally expressed.

Very recently we had under consideration the construction of KRS 392.080. In Ray v. Ray, 298 Ky. 162, 182 S. W. 2d 664, the testator had devised to one son a portion of his land, the balance to be divided with other children. He devised to his wife "1½ acres where we are now living, including the storehouse and contents of store." The lower court held, in opposition to the widow's contention, that she took the devise to her in lieu of dower since she failed to renounce the will. We quoted in our opinion sec. 392.080, KRS, and said we had held that the two paragraphs, formerly Sections 1404 and 2132, KS, must be construed together, and had just as consistently held that where a husband

makes a provision for his wife in his will, it will be presumed that such devise was in lieu of the interest given her by KRS 392.020, unless a contrary intention appears from the will or is necessarily inferable. Citing Maynard's Adm'r v. Maynard, 285 Ky. 75, 146 S. W. 2d 343; Perry v. Wilson, 183 Ky. 155, 208 S. W. 776; Smith v. Perkins, 148 Ky. 387, 146 S. W. 758, 760. Quoting from the last named case, we said: "It is wholly immaterial whether the will disposes of the entire estate of the husband or not, for, having made such provision for her as he desired her to have, if she is not satisfied * * * she must renounce it and take under the law. Failing (in) this, she loses her right."

Here we have a situation where the beneficiary elects to take under one part of the will, but elects to reject another part. We do not think the statutes in question, even by the most liberal construction would authorize such a move. It means, if applicable here as we think it is, she must have renounced all and taken under the law, if she desired to take her dowable interest in both real and personal estate. We have no hesitancy in holding that the $4,000 or any part of it chargeable to the devise of real estate to the son.

The chancellor so concluded and we find no basis for disturbing his finding; judgment affirmed.