Gilbert GREGORY, Sr., John Gregory and Toleman Gregory, Appellants,

v.

FIRST STATE BANK OF MANCHESTER, Appellee.  Case No. I.

John GREGORY and Wife, Marie Gregory, Appellants,

v.

T. J. HENSON and Wife, Sallie Henson, Tommie Roberts and Wife, Eunice Roberts, and the First State Bank of Manchester, Kentucky, Appellees.  Case No. 2.

John GREGORY and Wife, Marie Gregory, Gilbert Gregory, Toleman Gregory and Edna Ollie Bruner

v.

T. J. HENSON and Wife, Sallie Henson, Tommie Roberts and Wife, Eunice Roberts and the First State Bank of Manchester, Kentucky, Appellees.  Case. No. 3.

John GREGORY and Wife, Marie Gregory, Appellants,

v.

T. J. HENSON and Wife, Sallie Henson, and Pearl Hoskins, Appellees. Case. No. 4.

Court of Appeals of Kentucky.

June 21, 1957.

Rehearing Denied Oct. 25, 1957.

T. T. Burchell, Manchester, for appellants.

Roy W. House, John M. Lyttle, Charles C. Smith, Manchester, for appellees.

CAMMACK, Judge.

These four consolidated actions involve the ownership and possession of certain lots in the Moses Lewis Addition to Hima, in Clay County. The appeals are from a judgment in favor of the appellees, T. J. Henson and Sallie Henson.

The lots involved were 5 to 34, inclusive, save lots 19, 20 and 21. There is considerable controversy concerning lot 18. These cases involve questions of title claimed by certain of the parties, and also the question as to whether lot 17 was in fact lot 18. There was a dwelling on this controversial lot. At the time of Mary B. Gregory's death, in 1948, she and her husband, Gilbert Gregory, Sr., were the joint owners of several of the lots in question. Others were owned individually by her and some were owned individually by Gilbert Gregory, Sr.

The trial judge found that lot 18 was never conveyed by Moses Lewis, the common source of title, to anyone. He found also that lot 17 was recognized by the Gregory family as belonging to Mary B. Gregory during her lifetime, and that she had the paramount title to it. He found further that Edna Ollie Bruner, a daughter of Mary B. Gregory and Gilbert Gregory, Sr., and an appellant in Action No. 3, had no title to lot 18 to convey, and "that if lot number 17 is in fact lot number 18 then said lot was in the adverse possession of the defendants (the appellees) at the time said deed (to appellant-plaintiff, John Gregory) was made and is voided by the law of champerty, and that the plaintiff (appellant John Gregory) got no title to said lot in either event."

In addition to Edna Ollie Bruner, Mary B. Gregory was survived by her husband, Gilbert Gregory, Sr., and her sons, John Gregory and Toleman Gregory. Following Mrs. Gregory's death, her husband and the two sons mortgaged lots 5, 6, 7 and 8, which were owned individually by Gilbert Gregory, Sr., and lots 9 to 17, inclusive, to the First State Bank of Manchester to secure their indebtedness to it. The Bank foreclosed on all the lots, save 9, 10 and 11. The lots sold under the foreclosure were conveyed to Tommie Roberts by the Commissioner on December 29, 1950, and later came into the hands of the appellees. Edna Ollie Bruner was not a party to the mortgage to the Bank, so her interest in lots 12 to 17, which were owned individually by her mother, Mary B. Gregory, at the time of her death, was not divested from her. Action No. 1 involves the foreclosure proceeding by the Bank. The other actions will be referred to later.

Vigorous attack is made by the appellants upon the foreclosure proceeding, as well as upon certain transactions between the appellees and some of their predecessors in title, and also upon the actions of certain officials. On the other hand, the appellees, who were found by the trial judge to be in possession of all the disputed lots at the time the deeds relied upon by John Gregory were executed, sought to show that title to all of the lots was in them by virtue of certain deeds from members of the Gregory family.

The trial judge found that Gilbert Gregory, Sr., and his son, Toleman, both single,

conveyed all of their interests in lots 9, 10 and 11 and 22 to 34, inclusive, to Tommie Roberts and his wife, who subsequently conveyed those interests to T. J. Henson. He found also that John Gregory and his wife, Marie T. Gregory, likewise conveyed their interest in the same lots to Tommie Roberts. These transactions, along with the foreclosure proceeding, so the trial judge found, divested Gilbert Gregory, Sr., Toleman Gregory and John and Marie T. Gregory of all of their interests in the lots in dispute, save lot 18, which, as we have noted heretofore, was found to have been conveyed to no one.

█ █ It was a further finding of the trial judge that on August 2, 1950, Edna Ollie Bruner and her husband, Lawrence Bruner, conveyed to Tommie Roberts and his wife, Eunice Roberts, lots 9, 10 and 11 (which is admitted by plaintiffs) and also that they conveyed by said deed their interest in lots 22 to 34, inclusive. We think the trial court's construction of this deed was correct. It is true that only lots 9, 10 and 11 were referred to specifically. However, the deed recited that it covered "the same tracts of land conveyed to the party of the first part by descent and distribution as heir at law of Mary B. Gregory, deceased, as grantee of Ellen Slusher etc." In March, 1952, Edna Ollie Bruner and her husband, Lawrence Bruner, attempted to convey to John Gregory, then a stranger in title, according to the trial court's finding, their interest in lots 12 to 17, inclusive. They attempted also to convey to John Gregory lot 17 and lot 18. The trial judge found that the only interest the Bruners had at the time of the conveyances was in lots 12 to 17, inclusive. John Gregory testified that he knew that lots 12 to 17, inclusive, as well as other lots, had been in possession of T. J. Henson and his predecessor in title, Tommie Roberts, for some two years before he accepted his deeds from the Bruners. John Gregory's deed to the Bruner interests recited consideration of $1, and that he was to bear all the expense of any litigation which might be required to clear up title to the Bruner interests "which has heretofore been fraudulently taken from the heirs of Mary B. Gregory and Gilbert Gregory and his heirs." We agree with the trial judge that John Gregory had both actual and constructive notice that the appellees were claiming and holding the disputed property at the time he accepted his deeds from the Bruners.

█ Action No. 2 involved John Gregory's claim to lot 18. Action No. 3, to which Edna Ollie Bruner was a party, sought to have the foreclosure proceeding of the First State Bank of Manchester set aside, and the deed executed to Tommie Roberts thereunder declared void. It sought also to have declared void the deed from Edna Ollie Bruner to Tommie Roberts and his wife, Eunice Roberts, to her interest in lots 12 to 17, inclusive. Action No. 4 was a forcible entry and detainer proceeding wherein T. J. Henson charged that John Gregory and Marie T. Gregory forcibly entered a dwelling on premises in his possession. John Gregory's response set up his claim to the property in question as being the lot 17 or 18 and the dwelling heretofore mentioned. He set forth also that Pearl Hoskins subsequently had entered the property forcibly and detained it with the sanction of T. J. Henson. In the final judgment the trial judge found that John Gregory had no title to any of the disputed lots, and therefore T. J. Henson was not guilty of forcible entry and detainer.

The appellants are vigorous in their attack upon the findings of the trial judge and his judgment. They contend that many of the steps and transactions involved in this litigation are tainted with fraud. The actions of certain public officials are included in the attack. Emphasis is placed upon the claim of some of the Gregorys under deeds not found by the trial judge to be controlling. Emphasis is placed also upon certain provisions of a judgment entered in April, 1955 (later set aside), and the dif-

ferent provisions of the final judgment heretofore recited. While there is sharp conflict in the evidence on many phases of the case, we are not prepared to say that the findings of fact upon which final judgment was based were clearly erroneous.

 We have noted it was found that deeds from Edna Ollie Bruner and Lawrence Bruner to John Gregory were champertous. Under KRS 372.070 and 372.080, these deeds were void. Perry v. Wilson, 183 Ky. 155, 208 S.W. 776; Strunk v. Perry, 314 Ky. 658, 236 S.W.2d 912. John Gregory, being fully apprised of the possession of property in dispute by the appellees, took nothing under the deeds.

Judgment affirmed.