**Fred S. MEADE, Appellant,**

v.

**Nim STURGILL et al., Appellees.**

Court of Appeals of Kentucky.

May 21, 1971.

Robert J. Greene, Perry & Greene, Paintsville, for appellant.

S. H. Johnson, Johnson & Johnson, J. K. Wells, Paintsville, for appellees.

DAVIS, Commissioner.

The appellant filed a "quiet-title" suit and sought damages for alleged slander of title. The suit was originated against appellees Nim Sturgill and his wife, based on their occupancy and claim of ownership of the land to which the appellant laid claim. The Board of Education of Johnson County, grantor by special warranty deed under which appellant claimed, was brought into the litigation by amended complaint.

Upon trial of the case without the intervention of a jury, the trial judge dismissed the complaint as to all defendants and quieted the title of Nim Sturgill and his wife pursuant to their counterclaim. The trial court based its judgment on a finding that the Sturgills were in actual adverse possession of the controversial tract when the appellant received his deed from the Board of Education of Johnson County. The court concluded that the deed to appellant was champertous and void within the proscription of KRS 372.070(1).

On the appeal the appellant delineates the question presented as follows: "Does adverse possession of real estate owned by Johnson County Board of Education render

a deed, executed by a Johnson County Board of Education, void under KRS 372.-070 as champertous?"

The deed under which appellant claims was dated February 26, 1969, and executed to him by the Board of Education of Johnson County, with covenant of special warranty of title. Prior to 1969 the Board of Education had caused a survey to be made in order to establish the boundary line between its property and adjoining land claimed by Nim Sturgill. The Board and Sturgill shared the expense of the survey. The resulting plat, purporting to fix the disputed boundary, was recorded in the Johnson County Court Clerk's office on November 25, 1967. Sturgill constructed a fence along the boundary line as so established. The appellant admitted that he knew about the fence, and its existence for a year or two before the date of his purchase. He explained that he had looked at the deeds of record and satisfied himself that record title was vested in the Board of Education. The vagueness of the descriptions casts doubt on the validity of such a conclusion.

The argument of the appellant is premised on the contention that title cannot be acquired by adverse possession against the Commonwealth. Since the champerty statute, KRS 372.070(1), relates only to the sale or conveyance of land "over which any other person has *adverse* possession at the time of the sale or conveyance," it is reasoned by appellant that the champerty statute has no application here. There are at least two reasons why the argument of the appellant must fail.

Despite the statements in Ford Motor Company v. Potter, Ky., 330 S.W.2d 934, and Commonwealth, Department of Parks v. Stephens, Ky., 407 S.W.2d 711, it may well be that title against the Commonwealth can be acquired by adverse possession. See Whitley County Land Company v. Powers' Heirs, 146 Ky. 801, 144 S.W. 2, at page 5, in which it is stated that Section 2523 of the Kentucky Statutes (now KRS 413.150) affects the Commonwealth in the same manner as comparable statutes of limitation affect individuals. In discussing the statute (KRS 413.150) and the fact that some earlier opinions of this court had overlooked it, it was pointed out in Whitley County Land Company:

"And this statute, in precisely the same language, has been in force since 1852, and is now section 2523 of the Kentucky Statutes. So that, since 1852, the limitation ran against the commonwealth in precisely the same manner as it would run against an individual; and, if the statute would defeat the claim of an individual, so it would defeat a claim asserted by the commonwealth." Id. 144 S.W. 5.

■ It would appear, therefore, that the major premise of appellant's reasoning is invalid, since it seems clear that adverse possession may be the basis of acquiring title even against the Commonwealth in appropriate circumstances.

■ But, even if title against the Commonwealth could not be acquired by adverse possession, the deed to the appellant from the Board of Education of Johnson County was champertous and void by virtue of KRS 372.070(1). It is true, as noted by the appellant, that the *type* of adverse possession sufficient to invoke the sanction of the champerty statute must be of such a nature as would ripen into title if continued for the prescribed period. Many decisions of this court have so indicated. Some of them are Lanham v. Huff, 228 Ky. 139, 14 S.W.2d 402, and Fordson Coal Company v. Mills, 234 Ky. 64, 27 S.W.2d 382. An examination of the cases just mentioned, which are cited and relied upon by appellant, as well as an examination of many other decisions of like import which are discussed and cited in those opinions, discloses that the language was used to describe the character or nature of the adverse possession, not the ultimate legal effectiveness of it. See

Tankersley v. Sell, 311 Ky. 832, 226 S.W.2d 17, in which it was said:

"The words 'adverse possession' as used in the statute [KRS 372.070(1)] mean that the possession must be shown to be of that character and dignity as would in the statutory period ripen into title by adverse possession." Id. 226 S.W.2d at page 20.

The only claimed defect in the efficacy of the "adverse possession" by the Sturgills is that the title would never ripen as against the Commonwealth. But, the "character and dignity" of the Sturgills' possession was of the type required. It was open, notorious, and hostile to all the world. The champerty statute has as an objective the prevention of just such lawsuits as this one. The following excerpt from Perry v. Wilson, 183 Ky. 155, 208 S.W. 776, illustrates the fallacy of appellant's argument:

"The purpose of the statute which makes champertous the sale of real estate which is held in adverse possession is to discourage litigation, by prohibiting one who has a doubtful title, and who is not willing to sue upon his title, from selling it to another, and thus encourage strife." Id. 208 S.W. 779.

The type of adverse possession required for application of the champerty statute has been characterized as follows:

"It must be such actual adverse occupancy, contemporaneous with the deed sought to be evaded by it, as would have brought to the notice of an inquirer or intending purchaser the fact of the occupier's hostile claim." Mayes v. Kenton, 23 Ky. Law Rep. 1052, 64 S.W. 728, 729. See also Wells v. Wells, Ky., 346 S.W.2d 33.

It is clear that the possession of the Sturgills was of that character sufficient to bring to the notice of appellant the fact of the hostile claim of the Sturgills at the time he accepted the deed. The deed was champertous.

The judgment is affirmed.

All concur.